## Ex Parte Cintrón.

### Solicitud para que se expida mandamiento de *Habeas Corpus.*

No. 27.—Resuelto en enero 25, 1904.

Apelación—Cortes de Distrito—Juzgados de Paz.—Las sentencias dictadas por las cortes de distrito en apelaciones de los juzgados de paz son definitivas y contra ellas no cabe apelación para ante el Tribunal Supremo.

Habeas Corpus—Modo de Preparar la Solicitud—Juramento de las Mismas.— Las solicitudes de *habeas corpus* deben contener una exposición clara de los hechos sin alegaciones de derecho, y deben estar firmadas y juradas por el própio peticionario.

Id.—Solamente en los casos en que el peticionario fuere demente, o no le fuera fácil comunicarse con su abogado o por cualquier otra razón no pudiera hacer la solicitud personalmente, ésta podrá formularse por su abogado.

Id.—Las solicitudes de *habeas corpus* deben estar juradas ante funcionarios competentes, pero en los casos en que sea el abogado el que haga la solicitud, si es miembro de una sociedad de abogados, no debe prestar el juramento ante otro miembro de la misma sociedad, que sea también notario.

Id.—Su Objecto.—El auto de *habeas corpus* tiene por único objeto libertar al peticionario que esté sufriendo prisión ilegal, pero no puede invocarse a los efectos de una apelación o de un recurso por causa de error, o *certiorari*, ni para reparar perjuicios ocasionados por la prisión ilegal.(*)

Id.—Competencia.—El hecho de que un tribunal declare culpable a un acusado, a pesar de que la prueba aportada al juicio no pudiera justificar tal declaración, no afecta en lo más mínimo la competencia del tribunal, y no es motivo suficiente para decretar la excarcelación del prisionero en un procedimiento de *habeas corpus.*

Habeas Corpus—Sentencia Errónea y Sentencia Nula—Apelación o Recurso por Causa de Error.—Una sentencia errónea sólo puede ser revisada en una apelación o en un recurso por causa de error, y si la ley no concede estos recursos, la sentencia es ejecutoria y debe subsistir, a no ser que los errores de que adolezca sean de tal naturaleza que produzcan su nulidad, en cuyo caso puede ser traída a discusión en un procedimiento de *habeas corpus*.

Id.—Sentencia de Tribunal Competente.—En los casos en que aparezca que el peticionario está detenido por un mandamiento expedido a virtud de sentencia firme, dictada por tribunal competente, la solicitud de excarcelación por *habeas corpus* debe ser denegada.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. Díaz* y *Texidor*.

Abogado del Pueblo: *Sr. del Toro, Fiscal*.

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión del tribunal:

En el mes de octubre próximo pasado los solicitantes fueron convictos en el juzgado de paz oeste del distrito de Ponce, por el delito de alteración de la paz pública, y condenados al pago de veinte y cinco dollars de multa; contra esta sentencia interpusieron recurso de apelación para ante la Corte de Distrito de Ponce, en cuyo tribunal se revisó la causa de acuerdo con los estatutos, en 23 de diciembre, confirmando la sentencia del tribunal inferior, fijando la multa en veinticinco dollars y las costas. La sentencia de la corte de distrito se pronunció por una mayoría de los tres jueces, presentando el juez presidente su voto particular. No cabe duda de que el juez de paz era competente para conocer de este caso, en primer lugar, y de que la corte de distrito tuvo jurisdicción final para decidirlo en apelación, y de tal sentencia no hay lugar a recurrir ante este tribunal. (Véase la sección 59 del Código de Enjuiciamiento Criminal.) La solicitud para auto de *habeas corpus* en este caso es un documento (*) voluminoso, mucho más largo de lo necesario, y está expuesto a la crítica en varios particulares. En primer lugar, solicitudes para *habeas corpus* deben limitarse a una exposición clara de los hechos, según la sección 470 del Código de Enjuiciamiento Criminal. El segundo párrafo de dicha sec-

ción no quiere indicar que el abogado debe hacer un largo
argumento legal en la solicitud, para demostrar la ilegalidad
de la detención.    Se puede presentar el alegato, si es necesa-
rio, en el juicio, pero no tiene lugar propio en la solicitud.
Esta solicitud se hace por el Sr. Don Herminio Díaz Navarro,
quien se denomina miembro de la sociedad profesional de
Díaz y Texidor, y abogado de Eleuterio Cintrón y José Ma-
yaza.    Es cierto que dicho estatuto permite que la solicitud
se haga por el detenido, o por su representante, pero el ejer-
cicio en los Estados Unidos, y según yo entiendo, el propio
ejercicio es, que en todos los casos que sea practicable, la soli-
citud debe firmarse bajo juramento por el mismo detenido,
y debe hablar en su defensa.    No prescribe ninguna forma
particular necesaria para la preparación de la solicitud, y
el mismo detenido, si puede escribir, y si la necesidad lo exi-
giera, podría preparar un relato informal que serviría como
solicitud para *habeas corpus*.    Si el detenido sea demente,
o fuera del alcance de su abogado, o si por cualquiera razón
no puede hacer la solicitud, entonces se puede hacer por el
abogado, pero de ninguna otra manera.    La sección citada
requiere que la petición se confirme por la persona que hace
la solicitud.    A la presente, el Sr. Díaz ha prestado su jura-
mento ante su socio, el Sr. Jacinto Texidor, como notario
público.    Este es un ejercicio vicioso y no debe hacerse.    Se
censura y no se permite en muchos, sino en todos los Estados
de la Unión americana.    A solicitudes para *habeas corpus* debe
prestarse el juramento ante el secretario de este tribunal u
otro oficial autorizado para administrar juramentos, pero cier-
tamente no debe prestarse ante un miembro de una sociedad
por otro de la misma.    Estas observaciones (*) son propias,
en vista de que el auto de *habeas corpus* es un remedio nuevo
en esta Isla, y el ejercicio está principiando, y se estima de
mucha importancia que se principie propiamente y que se
establezca bien en las primeras decisiones en ese asunto.    La
larga petición que se ha presentado trata el asunto como si

fuera el auto de *habeas corpus* otra clase de apelación o recurso por causa de error, y envuelve el voto particular del juez presidente de la corte de distrito y las objeciones hechas a la decisión de los jueces asociados. Esta idea del auto de *habeas corpus* es .enteramente errónea. Nunca ha sido la intención que se usara para el propósito de una apelación o recurso por causa de error. Su único objeto es de liberar de la detención ilegal cualquiera persona que se encuentre sufriendo prisión. No es para castigar al. acusado o para servir como reparación de su detención ilegal. ''No fué formado para juzgar de nuevo cuestiones de hecho o para considerar de nuevo un procedimiento legal. No puede usarse como sustituto para un recurso de apelación, ni para recurso por causa de error o *certiorari*. Errores e irregularidades en el procedimiento que no llegan a ser cuestiones de competencia, no pueden revisarse por *habeas corpus*.'' Church on *Habeas Corpus*, sección 87. No ha lugar a la duda de que ésta es doctrina pura, pues ha sido declarada por muchos de los más altos tribunales del país, entre otros, el Tribunal Supremo de California, en el caso de *Bird, ex parte*, 19 Cal., 130, y el Tribunal Supremo de Texas, en el caso de *Darrah* v. *Westerlage*, 44 Tex., 388. Este principio también fué declarado por este tribunal en el caso de Antonio Torres, *ex parte*, decidido por este tribunal en 7 de diciembre próximo pasado. Además, los estatutos de Puerto Rico son claros y explícitos en cuanto a los casos en que debe concederse el *habeas corpus*, y en cuanto a las razones que deben guiar esta corte al desencarcelar a un detenido en el juicio de tal auto. La sección 482 del Código de Enjuiciamiento Criminal a la letra dice:(*)

''Si no ha expirado el tiempo durante el cual puede estar detenida legalmente una persona, el juez o tribunal ordenará que continúe detenida dicha persona, si resulta que está detenida y en custodia:

''1. En virtud de mandamiento expedido por el Juez del Tribunal de Distrito de los Estados Unidos, en los casos en que dicho tribunal o juez tenga competencia exclusiva, o

"2. En virtud de orden de arresto o sentencia firme o decreto de cualquier tribunal competente en la jurisdicción criminal, o de cualquier mandamiento expedido en virtud de dicha orden de arresto, sentencia o decreto."

La siguiente sección 483 dice que si resulta del auto diligenciado que el preso está en custodia en virtud de mandamiento de cualquier tribunal o juez de Puerto Rico, o funcionario del mismo, el preso puede ser excarcelado en cualquiera de los casos siguientes, con sujeción a las prescripciones del artículo anterior:

"1. Cuando se ha traslimitado la jurisdicción de tal tribunal o funcionario."

Después siguen seis párrafos que no son aplicables al caso. Se alega que el tribunal de distrito traslimitó su jurisdicción al pronunciar culpables a los acusados del delito de alteración de la paz pública, porque las pruebas presentadas en la corte de distrito no correspondieron exactamente con la declaración jurada sobre la cual los presos fueron originalmente detenidos. Sin embargo, esto no desposeería la corte de distrito de su jurisdicción. El tribunal de distrito puede haber cometido un error al declarar culpables a los acusados, pero aun si así fuere, esta corte no sería justificada bajo *habeas corpus,* en desencarcelar los detenidos por esa razón. Pero yo no deseo que se me entienda decir que la corte de distrito cometió error alguno. Los detenidos fueron convictos del delito de alteración de la paz pública por el tribunal inferior y también fueron convictos (*) del mismo delito por la corte de distrito, y la multa quedó la misma en ambos tribunales. Las palabras y acciones de los detenidos que fueron interpretadas por el policía que presentó la declaración como un insulto al Gobernador, podían haber sido las mismas que se probó dijeron y cometieron en el juicio en la corte de distrito. No importa si fueron o no; el delito es el mismo;

que fué una alteración de la paz pública. Examinaremos los estatutos aplicables al caso bajo consideración. La sección 3 del Código de Enjuiciamiento Criminal provee que sentencias recurridas a la corte de distrito de cortes de juez de paz, "se juzgarán atendiendo a la primitiva denuncia o auto judicial." Estatutos Revisados y Códigos de Puerto Rico, pp. 621, 622.

La sección 286 del mismo código provee que "el jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole. Estatutos Revisados y Códigos de Puerto Rico, p. 742.

La sección 368 del Código Penal define el delito de perturbación de la paz y prescribe el castigo máximo de $200 de multa y noventa días de prisión. Estatutos Revisados y Códigos de Puerto Rico, p. 610.

El delito del cual fué acusado en la acusación original constituyó una perturbación de la paz, y de aquel *misdemeanor* los solicitantes fueron convictos en el juzgado de paz y en la corte de distrito, en apelación. Así es que se ha cumplido absolutamente con la ley y no se cometió error alguno. La sentencia que se pronunció por la mayoría de los jueces es, sin duda, correcta. El voto particular del juez presidente no alcanza los méritos del caso, sino solamente presenta objeciones técnicas, las cuales fueron propiamente menospreciadas por sus colegas. No es toda sentencia errónea de la corte de distrito la que puede atacarse con *habeas corpus*. Solamente son revisables las que son tan erróneas que resultan (*) nulas. Una sentencia errónea no puede ser revisada de otra manera más que por recurso de apelación, o recurso por causa de error, y cuando el estatuto no los prescribe, la sentencia tiene que ser firme. Se ha dicho por los tribunales más altos que la sentencia de una corte inferior puede atacarse por *habeas corpus* solamente cuando las ilegalidades sean tales que la hacen nula.

"*   *   *   Si apareciese en la sentencia sentada en las minutas de la corte, en un caso criminal, que el tribunal era competente para cono-

cer de la materia y de la persona del demandado, la sentencia no es nula, no obstante lo errónea que sea, si no es tan indecisa en sus términos que se considere nula por esa razón.

"La ilegalidad indica un defecto completo en el procedimiento." Gibson, *ex parte,* 31 Cal., 625, 627 y 628.

"La jurisdicción de la corte que conoce de la causa, puede ser revocada siempre al demostrar el hecho que no existe la misma, pero ordinariamente ni error ni irregularidad en la sentencia de la corte inferior puede atacarse por *habeas corpus.*

"La falta del poder de oir y determinar, y no error o irregularidad en el ejercicio de dicho poder, hace nula a una sentencia."

*Winston, ex parte,* 9 Nevada, 71; *Sam ex parte,* 51 Alabama, 54; *Nye ex parte,* 8 Kansas, 99; *Shaw ex parte,* 7 Ohio State Reports, 81; 70 Am. Dec., 55.

Este caso ha sido presentado bajo un concepto falso de las atribuciones del auto de *habeas corpus,* y es claramente un intento de presentar de esta manera ante este tribunal los procedimientos de la corte de distrito en el juicio de los acusados, para la revocación de la sentencia, haciendo de esta manera servir el auto de *habeas corpus* como un recurso por causa de error o *certiorari,* lo que los estatutos y todas las decisiones declaran no se puede hacer. Pues siendo manifiesto del auto en esta causa, que estos solicitantes están detenidos por no pagar la multa que propia y legalmente se les ha sido impuesta, por virtud del mandato y sentencia firme (\*) de una corte competente, de jurisdicción criminal, y que la jurisdicción de dicha corte no se ha excedido, la solicitud para desencarcelamiento debe negarse, y los detenidos deben condenarse al pago de todas las costas de este procedimiento. Los presos, por lo tanto, deben reenviarse a la custodia del alcaide de la cárcel de Ponce, para los efectos de la sentencia que se ha pronunciado en contra de los mismos.

*Denegada la excarcelación.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la
vista de este caso.