## Ex Parte Rosa.

Solicitud para que se expida mandamiento de Habeas

Corpus.

No. 46.    Resuelto en Marzo 3, 1905.

Habeas Corpus.—Revisión de los procedimientos y pruebas de la causa.—
Culpabilidad del prisionero.—En un procedimiento de Habeas Corpus no
se pueden revisar los procedimientos y pruebas practicadas en la causa segui-
da contra el prisionero, para determinar su culpabilidad ó inculpabilidad, pues
tal no es el objeto del referido procedimiento.

Id.—Mandamiento de arresto.—La circunstancia de que un mandamiento de
arresto carezca de la firma del Secretario, no es suficiente para estimarlo nulo,
pues no hay nada que impida á los Jueces certificar sus propias resoluciones,
con respecto á las cuales tienen amplias facultades.

Casas de juego.—Juegos prohibidos.—Acusado convicto de un delito distin-
to del comprendido en la acusación.—El delito de sostener una casa de
juegos prohibidos es completamente distinto del de participar en tales juegos,
y una persona acusada de uno de dichos delitos, no puede legalmente ser con-
victa del otro delito.

Id.—Habeas Corpus.—Sentencia nula.—Si apareciera de la sentencia por vir-
tud de la cual se encuentra detenido el peticionario, que éste fué declarado
culpable de un delito distinto del comprendido en la acusación, la sentencia
es nula ,y procede su excarcelación por Habeas Corpus.

Los hechos están expresados en la opinión.

La solicitud fué presentada al Juez Asociado Sr. Wolf.

Abogado del Peticionario: Sr. Pesquera.

Abogado del Pueblo: Sr. Rossy, Fiscal.

El Juez Asociado Sr. Wolf, emitió la siguiente opi-
nión.

El caso presente es una solicitud de excarcelación por
medio de habeas corpus. A la petición se acompaña una
copia certificada de la sentencia dictada por la Corte
Municipal de Bayamón por la que se acredita que se
acusó al peticionario de tener una casa de juegos pro-
hibidos (delito castigado en el Artículo 300 del Código
Penal) y se le declaró culpable de jugar á lo prohibi-
do (delito previsto en el Artículo 299), siendo conde-
nado á pagar una multa de ciento cincuenta dollars ó
noventa días de cárcel. Los hechos expresados en la
petición no han sido negados en el informe del Alcaide.
El peticionario alega que está detenido ilegalmente, en

sustancia, por las razones que siguen: que después de haber sido convicto el peticionario otras personas fueron juzgadas del delito de jugar á lo prohibido, y que todas, á excepción de una fueron absueltas; que los hechos de este segundo juicio estaban tan íntimamente relacionados con los del juicio del peticionario que dicho segundo juicio demostró la inocencia del prisionero, toda vez que un hombre no podía ser convicto de jugar á lo prohibido consigo mismo. Sería suficiente decir, para contestar á esta alegación, que hubo otra persona además convicta del delito de jugar á lo prohibido. Sin embargo, para hacer esa afirmación sería necesario examinar directamente los procedimientos y la prueba desarrollada en el juicio del prisionero, así como también en el otro juicio, lo que no puede hacerse por medio de habeas corpus.

La tercera razón que alegó para mostrar que su detención es ilegal es que el mandamiento es defectuoso por que no expresa claramente el delito y carece de la firma del Secretario de la Corte Municipal. A menos que haya alguna prescripción legal que exija que el Secretario certifique todas las órdenes ó mandamientos expedidos por el Juez, no hay nada que impida al mismo Juez certificar sus propias resoluciones, toda vez que el Juez tiene una amplia facultad de inspección y autoridad sobre dichas órdenes.

El segundo fundamento ó razón para que se excarcele al prisionero, considerado en relación con el tercero, es mucho más serio. Alega que la denuncia presentada contra él le acusaba de tener en su casa una jugada á lo prohibido, mas la Corte Municipal de Bayamón le declaró culpable de jugar á lo prohibido. Muchos Tribunales han resuelto que cuando una Corte inferior tiene jurisdicción sobre la persona del acusado y del delito ninguna otra Corte considerará los procedimientos de aquélla por medio de Habeas Corpus. Sin embargo, las resoluciones recientes sostienen que una sentencia es nula cuando un

Tribunal de competente jurisdicción excede sus facultades en un caso particular. Véase Ex Parte Lange 85 U. S. 176 que muestra la doctrina sentada. El delito de tener una casa en que se juegue á lo prohibido es completamente distinto del delito de jugar á lo prohibido, y si se acusa á una persona de la comisión de uno de estos delitos no hay ley alguna que autorice su convicción legal de un delito completamente distinto, á excepción de lo prescrito en el artículo 237 del Código de Enjuiciamiento Criminal, que en mi opinión, no es aplicable al presente caso.

Si la sentencia relatara simplemente el delito de que fué declarado culpable sería dudoso si un Juez tiene facultad para examinar si la misma se ajusta á la denuncia; pero en este caso la misma sentencia muestra que al acusado se le imputó la comisión de un delito y se le declaró convicto de otro.

Teniendo en cuenta todas las circunstancias que concurren en este caso me siento obligado á declarar que la sentencia dictada por la Corte Municipal de Bayamón es nula y el prisionero debe ser puesto en libertad.

*Excarcelado.*