## El Pueblo *v.* Burgos.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en procedimiento de *habeas corpus.*

No. 416.—Resuelto en febrero 23, 1912.

Habeas Corpus—Defensa de Haber Sido Expuesto Anteriormente por el

MISMO DELITO—(FORMER JEOPARDY).—El recurso de *habeas corpus* es tal vez un procedimiento adecuado para examinar la resolución de un tribunal en los casos en que un acusado alega como defensa el haber sido expuesto dos veces por el mismo delito si la corte rechazara tal defensa, negándose a oirlo, pero en los casos en que la corte oye las pruebas aportadas por el acusado para justificar dicha defensa y la desestima, entonces surge una cuestión de hecho, que únicamente puede ser revisada por medio del recurso de apelación.

ID.—RECURSO DE APELACIÓN—RECURSO DE ERROR.—Es un principio bien conocido que el recurso de *habeas corpus* no puede surtir los efectos de una apelación o de un recurso de error.

ID.—NATURALEZA DE LA DEFENSA DE HABER SIDO EXPUESTO DOS VECES POR EL MISMO DELITO.—La cuestión planteada por la defensa de haber sido expuesto dos veces por el mismo delito (*former jeopardy*) es una cuestión de hecho.

ID.—ENMIENDA QUINTA DE LA CONSTITUCIÓN—CUESTIÓN CONSTITUCIONAL—REVISIÓN POR MEDIO DE HABEAS CORPUS.—Alegada por un acusado la defensa de haber sido expuesto anteriormente por el mismo delito (*former jeopardy*) y habiendo apreciado el tribunal sentenciador que tal defensa no ha quedado justificada, no tiene derecho el acusado por el mero hecho de alegar que se ha infringido la Constitución, a que se revise la resolución del tribunal inferior por medio de un recurso de *habeas corpus*.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Ante la Corte de Distrito de San Juan se presentó una acusación contra Rafael Burgos por el delito de ataque con intención de cometer homicidio. El caso fué juzgado ante un jurado, el cual, no habiéndose puesto de acuerdo, fué disuelto. Posteriormente se desestimó la acusación y se presentó ante la corte municipal otra acusación por acometimiento y agresión con circunstancias agravantes. El acusado alegó ante la corte municipal la defensa de haber sido expuesto por el mismo delito, y apelado el caso a la Corte de Distrito de San Juan, fué de nuevo alegada la misma defensa. La corte lo declaró culpable condenándole a un año de prisión, cien dollars de multa y las costas. La sentencia fué apelada a este tribunal, pero no hubo medios legales de examinar los hechos y la sentencia fué confirmada. Más tarde se presentó ante la Corte de Distrito de San Juan esta solicitud de *habeas corpus*, y expedido el mandamiento y celebrada la vis-

ta, fué negada la solicitud. El peticionario apeló contra la sentencia de la corte de distrito.

El apelante alega en primer lugar, que la acusación en la Corte de Distrito de San Juan fué desestimada sin su consentimiento; pero aún así no podemos comprender cómo es posible revisar en un procedimiento de *habeas corpus* una resolución que pone al acusado en libertad excarcelándolo. Si así fuera, no habría nadie que pudiera comparecer para contestar el mandamiento y traer el preso. Su encarcelamiento con posterioridad fué independiente del archivo de la causa.

Además, sostiene el apelante que la Corte de Distrito de San Juan, al declarar sin lugar la defensa del acusado de haber sido expuesto anteriormente por el mismo delito, ha infringido los preceptos de la Constitución de los Estados Unidos y las disposiciones legales relativas a esta clase de defensas.

No es necesario que entremos ahora a resolver hasta dónde es aplicable a Puerto Rico dicha constitución. Si un acusado alegara en su defensa el haber sido expuesto dos veces por el mismo delito y la corte rechazara su defensa negándose a oirle en cuanto a ella, sería ésta una cuestión de procedimiento que podría ser examinada mediante una solicitud de *habeas corpus*. Sin embargo, cuando el tribunal admite dicha defensa y oye las pruebas tendentes a establecerla, entonces surge una cuestión de hecho, y en tales casos la ley concede el recurso amplio de apelación. Es un principio bien conocido que el recurso de *habeas corpus* no puede surtir los efectos de una apelación o de un recurso de error. (*Ex parte Parks*, 93 U. S., 18; *United States* v. *Pridgeon*, 153 U. S., 48; *Ex parte Hobart S. Bird*, 5 P. R. R., 505; *Ex parte Hollis*, 59 Cal., 405-407.) La defensa de haber sido expuesto anteriormente por el mismo delito y la cuestión de hecho que tal defensa plantea, envuelven el mismo principio. (Tratado de *habeas corpus* por Church, sec. 253, y casos allí citados.) Si por el mero hecho de alegarse que se ha infringido un precepto constitucional pudiera pedirse un mandamiento

de *habeas corpus,* se llenarían los tribunales de solicitudes de esta clase y serían juzgados *de novo* casi todos los casos, aún después de celebrada la vista y dictada sentencia. La enmienda 5ª. de la Constitución de los Estados Unidos dispone que:

"A nadie se obligará a que conteste cargos por delito grave o infamante bajo cualquier concepto, si no es mediante acusación escrita presentada por un gran jurado, excepto en casos que ocurrieren en el Ejército, o la Armada, o en la milicia, estando en servicio activo en tiempo de guerra, o de peligro público. No se pondrá a nadie dos veces en peligro de perder la vida o algún miembro por un mismo delito; no podrá obligársele a declarar contra sí mismo en una causa criminal; no se le podrá quitar la vida, la libertad o los bienes, sin el debido procedimiento legal, ni se podrá tomar la propiedad particular para objetos de utilidad pública, sin la debida compensación."

Es evidente que si las pretensiones del peticionario fueran viables, todas las cuestiones que envuelven la confesión del acusado, procedimiento debido de ley y otras indicadas en las enmiendas 5ª. y 6ª. de la citada Constitución, podrían ser examinadas de nuevo aún después de un juicio y de una apelación. Puede suceder que un acusado que alega la defensa de haber sido expuesto anteriormente por el mismo delito, no pueda justificar tal defensa y por el mero hecho de alegar que ha sido declarado culpable con infracción de la Constitución, no adquiere el derecho a que por medio de un recurso de *habeas corpus* se revise la resolución del tribunal inferior.

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernnández, y Asociados MacLeary, del Toro y Aldrey.