### EX PARTE SÁNCHEZ.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 429.—Resuelto en marzo 29, 1912.

DERECHO PENAL—HURTO DE MAYOR CUANTÍA—JURISDICCIÓN.—De acuerdo con la ley vigente en Puerto Rico tiene jurisdicción para conocer de un caso de hurto de mayor cuantía la corte del distrito en donde se encuentre al acusado en posesión de los bienes robados, sin tener en cuenta el distrito de donde procedan dichos bienes.

HABEAS CORPUS—HURTO DE MAYOR CUANTÍA—SITUACIÓN DE LOS BIENES ROBADOS.—En un procedimiento de *habeas corpus* no puede impugnarse la validez de una sentencia por haberse cometido el delito de hurto de mayor cuantía en un distrito distinto de aquel en donde fué visto el caso, pues ésta es una cuestión que debe discutirse en el juicio de la causa y si se cometió error pudo ser revisado por medio de apelación contra la sentencia.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de El Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se inició este procedimiento ante la Corte de Distrito de Aguadilla por virtud de una solicitud interesando un auto de *habeas corpus* presentada bajo juramento por Isidoro Sánchez López el día 23 de febrero del corriente año. El auto .fué expedido el día 24 del pasado mes de febrero, celebrándose la vista del mismo el 29 de dicho mes, dictando la corte de distrito su resolución en primero del corriente mes desestimando la solicitud. Contra esta resolución es que se ha interpuesto la presente apelación. Se alega en la solicitud, que el peticionario se encontraba en la cárcel del Distrito de Aguadilla cumpliendo su sentencia de cinco años de presidio, a que había sido condenado por la Corte de Distrito de Aguadilla por el delito de hurto de mayor cuantía. Se funda la solicitud en la supuesta falta de jurisdicción en la corte sentenciadora, alegándose también que el delito fué cometido en el pueblo de. Quebradillas que no forma parte del distrito judicial sobre el cual tiene jurisdicción la Corte de Distrito de. Aguadilla, sino que pertenece a la demarcación territorial de la Corte de Distrito de Arecibo.

Se alega en la acusación que constituye la base de este proceso criminal, que el acusado Sánchez es culpable del delito de hurto de mayor cuantía por haberse llevado, con intención criminal, un novillo amarillo, oscuro perteneciente a José G. Chaves, de Isabela, en el Distrito Judicial de Aguadilla. El robo de un novillo es un delito de hurto de mayor cuantía con arreglo a nuestro estatuto.

Esta apelación se funda en la proposición legal de que la prisión del referido peticionario, Isidoro Sánchez López, es ilegal, porque la Corte de Distrito de Aguadilla no tenía jurisdicción para juzgar y resolver el caso, por haberse cometido el delito en un sitio fuera de la jurisdicción de dicha corte; y aparece de la opinión del juez, que se encuentra en los autos, que durante el juicio el acusado. trató de presentar prueba tendente a establecer este hecho. Sin embargo, del juicio del caso principal resultó que aunque el novillo hubiera sido robado en Quebradillas, fué llevado al territorio de Isa-

bela que está comprendido en la jurisdicción de la Corte de
Distrito de Aguadilla. En el artículo 38 del Código Penal
de Puerto Rico se dispone que cualquier persona que cometa
un hurto fuera de la jurisdicción de la corte inferior y traiga
la propiedad robada, o se hallare con ella en la jurisdicción
de dicha corte estará sujeta a pena. En California existe un
estatuto semejante a éste, y se ha resuelto en dicho Estado
que en una causa por hurto la jurisdicción puede estar en
cualquier condado a donde se haya llevado la propiedad ro-
bada. (*Pueblo* v. *Mellon*, 40 Cal., 648; y *Pueblo* v. *García*, 25
Cal., 534-535.)

Pero es ciertamente claro que una corte carece de facultad
para resolver una cuestión como esta mediante una solicitud
de *habeas corpus*. Alega la acusación que el delito se cometió
en el pueblo de Isabela que forma parte del distrito judicial
de Aguadilla. La corte sentenciadora expresa en su opinión
desestimando la solicitud de *habeas corpus* que el acusado
alegó ser inocente al leérsele la acusación; pero no importa la
forma en que fué sentenciado, ya haya sido por virtud de su
confesión de culpabilidad, por sentencia de una corte o vere-
dicto de un jurado. En cualquiera de estos métodos de cele-
brar juicios, la cuestión referente a la localidad o sitio en que
el acto se cometió debe establecerse por medio de prueba, lo
mismo que cualquier otro hecho esencial de la acusación.
Si se cometió algún error el único medio de corregirlo es ape-
lando de la sentencia definitiva. Semejante error jamás po-
drá ser corregido en un procedimiento de *habeas corpus* in-
teresando la excarcelación del prisionero, porque el acusado
no puede negar el contenido de los autos tratando de demos-
trar que el sitio en que el acto fué cometido estaba fuera de
los límites de la jurisdicción territorial de la corte. Esta
cuestión ha quedado ampliamente establecida no solamente
por los libros de texto, sino también por las decisiones de la
Corte Suprema de California y de otras cortes. (Véase a
Church sobre *Habeas Corpus*, art. 368, pág. 517, y casos cita-

dos en las notas; véase también el caso de *Ex Parte Rice,* 88 Pacific Reporter, 599.)

Puesto que la corte no cometió error alguno en su resolución negando la excarcelación del prisionero que solicitó en la petición de *habeas corpus,* debe confirmarse la sentencia apelada en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.