EX PARTE HUERTAS ET, AL., PETICIONARIOS.

Solicitud para que se expida un auto de *habeas corpus*.

Moción de los peticionarios para que se reconsidere la resolución de esta corte de mayo 8, 1915, denegando la expedición del auto de *habeas corpus* por no aparecer la falta de jurisdicción alegada.

No. 60.—Resuelto en reconsideración en mayo 25, 1915.

FORMER JEOPARDY—COSA JUZGADA—ALEGACIONES—RENUNCIAS.—La alegación de haber estado expuesto una vez por el mismo delito (*former jeopardy*), así como la de cosa juzgada en un caso civil, es un privilegio que tiene el acusado y que debe alegarlo en un procedimiento seguido contra él, o de lo contrario se considera que ha renunciado a ello.

HABEAS CORPUS—FORMER JEOPARDY—DEBIDO PROCEDIMIENTO DE LEY—PRESUNCIÓN.—Cuando en una solicitud de *habeas corpus* por el fundamento de haber estado expuesto el peticionario anteriormente por un mismo delito (*former jeopardy*), no se alega que la corte que conoció del caso, que en éste es una corte de récord, se negare a tomar en consideración tal alegación, la presunción está en favor de que ha habido el debido procedimiento de ley mientras no se demuestre lo contrario.

HABEAS CORPUS—RECURSO POR CAUSA DE ERROR—APELACIÓN.—Si con el debido trámite de los procedimientos la corte comete algún error en la consideración de una alegación de *former jeopardy*, el auto de *habeas corpus* no puede hacer las veces de un recurso por causa de error o de apelación.

PORTAR ARMAS PROHIBIDAS—ACOMETIMIENTO Y AGRESIÓN—MOTÍN.—El delito de portar armas prohibidas no puede ser mezclado o confundido (*merge*) con el de acometimiento y agresión o de motín.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: Sres. *Rafael López Landrón* y *Juan Gregory*.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Nos negamos a expedir el auto de *habeas corpus* en este caso por haberle parecido a todo el tribunal que era sumamente claro que la petición carecía de hechos que justificaran su expedición. El abogado de los peticionarios ha solicitado de esta corte que reconsidere su resolución y hemos creído conveniente, en vista de la insistencia del abogado,

hacer constar algunas de las razones en que se basa nuestra negativa.

Veinte y cinco o veinte y seis personas, según alegan los peticionarios, fueron condenadas por la Corte Municipal de Vieques por portar armas prohibidas habiendo sido condenada cada una de ellas a sesenta días de cárcel. Posteriormente todas fueron juzgadas por la Corte de Distrito de Humacao y algunas declaradas culpables por el delito de acometimiento y agresión y otras por motín, habiéndoseles impuesto distintas condenas en las cuales la pena varía de tres meses a dos años.

Alegan los peticionarios que las condenas por acometimiento y agresión o por motín, como fuere el caso, son ilegales puesto que ya habían sido declarados culpables todos los peticionarios por el mismo delito, o sea, por portar armas prohibidas. Los peticionarios también alegan que los hechos constitutivos de los supuestos delitos de acometimiento y agresión, o de motín, tuvieron lugar en febrero 16, 1915, a las 3,35 de la tarde. No sabemos por la solicitud si en las denuncias por portar armas prohibidas se expresa que dicho acto de portar armas tuvo lugar o nó a una hora tan precisa. Lo que en realidad se alega en esta petición es que los peticionarios se encuentran restringidos de su libertad puesto que han sido declarados culpables, como alegan, por segunda vez por el mismo delito.

La alegación de haber estado expuestos una vez por el mismo delito (*former jeopardy*), así como la de *cosa juzgada* en un caso civil, es un privilegio que tiene el acusado y que debe alegarlo en un procedimiento seguido contra él, o de lo contrario se considerará que ha renunciado al mismo. Artículos 162, 163 y 167 del Código de Enjuiciamiento Criminal. *El Pueblo* v. *Peña,* 18 D. P. R., 903; *El Pueblo* v. *Marrero,* 18 D. P. R., 923; 12 Cyc., 363, 364; *People* v. *Bennett,* 114 Cal., 56; 45 Pac., 1013; *People* v. *Lee Yune Chong,* 94 Cal., 379; 29 Pac., 776.

Nada dice la solicitud con respecto al hecho de si fué promovida en la Corte de Distrito de Humacao la alegación referente a haber estado expuestos los peticionarios ante-.riormente por el mismo delito (*former jeopardy*). Esta es una razón de por qué no aparece que la Corte de Distrito de Humacao actuó sin jurisdicción.

No se ha alegado de modo alguno que la Corte de Distrito de Humacao se negara a tomar en consideración la alegación hecha por los peticionarios de haber estado expuestos anteriormente por igual delito (*former jeopardy*), por lo que debemos presumir que si dicha alegación se formuló en dicha corte, fué considerada y resuelta por la misma. Todas las presunciones están en favor de que ha habido el debido procedimiento de ley en una corte de récord mientras no se demuestre lo contrario. Ahora bien, el Gobierno como también las partes tenían derecho a ser oídos en cuanto al hecho de si estaban presentando o nó los acusados un caso de *former jeopardy*. La mera alegación de haber estado en peligro los acusados anteriormente por el mismo delito no es suficiente. Por ejemplo, el Gobierno tenía hasta el derecho a ser oído sobre la cuestión de si en realidad los acusados habían sido declarados culpables por portar armas prohibidas; si fueron identificados; si las armas eran las mismas, o si el lugar o día fueron los mismos. Todas estas cuestiones y muchas otras podrían ser promovidas y consideradas al ser formulada la alegación de haber estado expuestos los acusados anteriormente por el mismo delito (*former jeopardy*). Por tanto, necesariamente que habría un juicio en tal caso sobre las cuestiones de hecho, artículo 177, Código de Enjuiciamiento Criminal, y la acción de la corte podría ser errónea, pero no podía decirse que la corte carece de jurisdicción.

Y aun cuando los hechos fueran claros y sólo hubiera una cuestión de derecho sometida a la corte mediante excepción o en otra forma, y la corte oyera a los acusados y dictara sentencia contra ellos, no podía decirse que la corte no tenía.

jurisdicción para resolver la cuestión, sino meramente que había cometido un error.

Numerosas decisiones pueden encontrarse en las cuales se sostiene que un auto de *habeas corpus* no puede hacer las veces de un recurso por causa de error o de una apelación.

En los casos de *Ex parte Bird,* 5 D. P. R., 247 (2ª. ed.), y *Ex parte Thomas,* 12 D. P. R., 367, han sido recopiladas las autoridades. *El Pueblo* v. *Burgos,* 18 D. P. R., 72.

El delito de portar armas prohibidas no puede ser mezclado o confundido con el de acometimiento y agresión o de motín. Un hombre podría estar acusado de acometimiento y agresión, o de motín, y encontrársele luego un arma en su persona que jamás usó en ninguna contienda, y si los hechos lo justificaran ser declarado culpable de un delito independiente de portar armas prohibidas, aun cuando fuera declarando culpable o absuelto del otro cargo. El acto de portar armas prohibidas puede ser de un momento, de un día, o por cualquier otro período de tiempo, pero el delito es independiente de cualquier acto que el hombre pueda realizar con el arma que porta. El portar un arma prohibida generalmente es un hecho consumado antes de que se cometa ningún otro delito determinado, de modo que aparecería, por lo que respecta a la petición, que la Corte de Distrito de Humacao tendría jurisdicción de los delitos que fueron denunciados, aun cuando los acusados hubieran alegado y probado los hechos de la supuesta alegación de haber estado expuestos anteriormente por el mismo delito (*former jeopardy*), como han sido alegados en esta petición. Este tribunal ha tenido ocasión de considerar cuestiones semejantes a ésta en los siguientes casos: *Ex parte Torres,* 11 D. P. R., 101, que fué un caso de *habeas corpus; El Pueblo* v. *Belpré,* 19 D. P. R., 508; *El Pueblo* v. *Belpré,* 19 D. P. R., 510.

La moción de reconsideración debe ser denegada.

*Denegada la reconsideración solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.