El Pueblo de Puerto Rico, demandante y apelado, *v.* Sabás Pabón, asusado y apelante.

No. 2888.—*Visto:* Noviembre 19, 1926. *Resuelto:* Diciembre 23, 1926.

1. Derecho Penal—Fecha del Juicio y Suspensión—Discreción Judicial.—La suspensión o no suspensión de la vista de una causa descansa en la sana discreción de la corte.

2. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Cuestiones Discrecionales—Suspensión o no Suspensión de Una Vista.—Solicitada la suspensión de una causa—de dos distintas a que está sujeto un acusado—por el fundamento de que la declaración de éste en dicha causa podría incri- ·

minarle en la otra anulando su derecho a no declarar, y denegada la solicitud *se resolvió:* que la corte sentenciadora no abusó de su discreción al negar dicha suspensión.

3. Derecho Penal—"Former Jeopardy"—Necesidad de que los Delitos Sean Idénticos—Delitos Varios, Parte de la Misma Transacción—Homicidio Involuntario y Otros Delitos.—El delito de portar armas prohibidas no queda comprendido en el de homicidio aún cuando ambos hayan sido cometidos en la misma ocasión y sean parte de la misma transacción.

Sentencia de *R. H. Todd, Jr.,* J. (Ponce), condenando al acusado por delito de portar armas prohibidas. *Confirmada.*

*Agustín E. Font,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Dos son los errores que alega el apelante para pedir la revocación de la sentencia recurrida.

Sostiene que fué acusado separadamente del delito de portar armas y del de homicidio involuntario, procedentes ambos de la misma transacción; y que señalada la vista de la primera causa—portar armas—solicitó la suspensión hasta que se viera la segunda—homicidio—y la corte no accedió.

[1, 2] La suspensión o no suspensión de una vista descansa en la sana discreción de la corte y los motivos que alega el apelante, a saber, que se le entorpeció en su derecho de defensa porque si declaraba en la causa por portar armas por estimarlo necesario o favorable a sus intereses, podría resultar que se incriminara en cuanto a la causa más grave de homicidio, quedando de tal modo anulado su derecho a no declarar en la misma, no son suficientes para concluir que la corte abusara de su discreción al negarse a suspender la vista. Al acusado se imputaron dos delitos separados y no era necesario supeditar la investigación de uno a la del otro. Lo único que la justicia requería era la averiguación de la verdad por los medios reconocidos en las leyes. Las responsabilidades eran independientes y no era necesario tomar en consideración la conveniencia o no conveniencia del acusado.

[3] El otro error se refiere a que el delito menor, portar armas, quedó comprendido en el mayor, homicidio, y no pudo, por tanto, perseguirse independientemente. La cuestión ha sido repetidamente resuelta por esta Corte Suprema en sentido contrario:

"El delito de portar un arma de fuego es distinto del de dispararla y causar con ella la muerte de una persona, no estando el primero necesariamente comprendido en el segundo, * * *." *Ex Parte Torres,* 11 D.P.R. 101.

"El delito de portar armas prohibidas no puede ser mezclado o confundido (*merged*) con el de acometimiento y agresión o de motín." *Ex Parte Huertas et al.,* 22 D.P.R. 524.

Parece conveniente hacer también la siguiente cita de Corpus Juris:

"Una condena por acometimiento con intención de matar no impide una acusación por portar una pistola, aunque ambos delitos hayan sido cometidos en la misma ocasión y sean parte de la misma transacción; y una condena por el segundo no impide una acusación por el primero. Una condena por acometimiento con un arma no impide una acusación subsiguiente por portar un arma oculta; y una condena por portar armas prohibidas no impide una subsiguiente acusación por acometimiento y agresión. Una absolución del delito de portar ilegalmente una manopla de bronce no impide una acusación subsiguiente por acometimiento con manopla." 16 C. J. 275.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.