DONALD LEROY CHAMBERLAIN, peticionario, *v.* GERARDO DELGADO, JEFE DE LA PENITENCIARÍA ESTADUAL DE PUERTO RICO, recurrido.

Números 953 y 147.

*Reasignado:* 6 de febrero de 1961. *Resuelto:* 21 de marzo de 1961.

*Raúl Feliciano* y *José Torres Ortiz,* abogados del peticionario; *Hon. Procurador General J. B. Fernández Badillo* y *Arturo Estrella, Subprocurador General,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Donald Leroy Chamberlain presentó una petición de hábeas corpus alegando que se encuentra detenido ilegal-

mente en el Presidio Estatal de Puerto Rico en cumplimiento de una sentencia de cinco a doce años de presidio que le fuera impuesta por el Tribunal Superior, Sala de San Juan, en las causas criminales G-58-614, G-58-615 y M-58-500, por los delitos de tentativa de robo, portación de armas y posesión ilegal de armas. Los fundamentos aducidos aparecen transcritos literalmente en la opinión anterior que emitimos en este recurso con fecha 25 de octubre de 1960, *Chamberlain* v. *Delgado*, 82 D.P.R. 6, 8–10. Podemos resumirlos diciendo que se impugna la sentencia a base de que: *a*) el acto del juicio se celebró con posterioridad a la publicación por los diarios "El Mundo" y "El Imparcial" de informaciones adversas al peticionario, y cuando aun todavía no había cesado el efecto de esta publicidad adversa; *b*) el acusado no tuvo adecuada asistencia de abogado consistente en que los que le representaron no tomaron las medidas necesarias para evitar que dicha publicidad adversa le afectara en el proceso que se le siguió; y, *c*) se excluyó del panel de jurados que había de entender en la causa a ciudadanos nacidos en Estados Unidos, residentes en Puerto Rico, y conocedores del idioma español.

En 15 de septiembre siguiente dictamos una resolución declarando no haber lugar al recurso interpuesto "considerando que no se aducen fundamentos suficientes y adecuados para que en el ejercicio de nuestra jurisdicción original, procedamos a conocer en primera instancia del caso". Posteriormente, y ante una alegación en una moción de reconsideración, que no se había hecho constar en la solicitud original, al efecto de que se había entablado recurso de apelación contra la sentencia que se impugnaba y que por tanto teníamos jurisdicción *exclusiva* para expedir el auto de hábeas corpus, dejamos sin efecto esta resolución y ordenamos la celebración de una vista para oir a las partes sobre las siguientes cuestiones: *a*) si existen en este caso circuns-

tancias extraordinarias que permitan al peticionario recurrir al procedimiento de hábeas corpus no obstante haber interpuesto recurso de apelación contra la sentencia cuya validez ataca; y, *b*) en caso afirmativo, si existen razones que impidan al Tribunal Superior intervenir en el procedimiento de hábeas corpus luego de concedérsele permiso para ello por este Tribunal Supremo. 82 D.P.R.22.

A los fines de la disposición final de esta petición de hábeas corpus, conviene que hagamos referencia a las constancias que surgen y al estado del recurso de apelación entablado por el peticionario contra la sentencia del Tribunal Superior y que bajo el número 17066 obra en la Secretaría de este Tribunal Supremo. Veamos.

De los autos originales recibidos en 16 de marzo de 1961, el legajo de sentencia remitido en 4 de enero de 1961 y de la transcripción parcial de evidencia archivada en 21 de diciembre de 1960, aparece que las acusaciones contra el peticionario se presentaron en 16 de septiembre de 1958; que la lectura de acusación tuvo lugar al día siguiente, y que a dicho acto compareció el acusado personalmente y asistido de su abogado Lic. Gerardo Ortiz del Rivero, a quien se unieron los Lics. Víctor Alberty Ruiz, E. L. Belén Trujillo y Rafael L. Franco García; que la vista se señaló para el día 15 de octubre de 1958 y fue suspendida a petición de los abogados del acusado; que en 27 de octubre de 1958, el acusado presentó una moción solicitando el archivo y sobreseimiento de las causas, o en su defecto, que se suspendiera el señalamiento de la vista por un término de dos años, fundándose en que la publicidad adversa que había tenido el asunto impedía la celebración de un juicio imparcial; que en 10 de diciembre de 1958 la defensa presentó una moción en solicitud de que se designara un intérprete debido a que el acusado no entendía el idioma español; que en la misma fecha también solicitó mediante moción que se le suministrara una copia de la lista general de jurados; que en 9 de diciembre de 1958 el acusado reprodujo su moción de

archivo de 27 de octubre de 1958,(¹) pero no insistió en la solicitud de que el caso no se señalara hasta transcurridos dos años; que la vista de esta moción se celebró el día 28 de febrero de 1959, y fue finalmente declarada sin lugar mediante resolución de 26 de marzo del mismo año; que la vista del caso comenzó a celebrarse el día 13 de abril de 1959 y durante la misma el acusado estuvo representado por los abogados Gerardo Ortiz del Rivero, Santos P. Amadeo, Francisco Abréu Castillo, E. L. Belén Trujillo y Lorenzo Piñeiro; que al comienzo del proceso, el acusado impugnó el panel general de jurados por el fundamento de que se habían excluído sistemáticamente a ciudadanos americanos nacidos en Estados Unidos residentes en Puerto Rico y conocedores del idioma español; que a los fines de sustanciar esta impugnación se ofreció prueba documental y el testimonio de cuatro testigos; que dicha impugnación fue declarada sin lugar y en su resolución el magistrado que presidió el proceso hizo constar que "esta cuestión había sido planteada desde hace mucho tiempo por la defensa en sus mociones dirigidas al Tribunal"; que la defensa interrogó extensamente a los miembros del jurado sobre el conocimiento que pudieran tener del caso que se ventilaba, bien por lectura de los periódicos, o a través de programas de radio y televisión; y que igualmente se les interrogó sobre su conocimiento de un atraco al Banco de Nova Scotia; que una vez constituido el jurado, y antes de exponer el ministerio público la teoría de cargo, la defensa formuló una moción de "mistrial", que fue discutida en ausencia del jurado, y en relación con la cual se presentaron en evidencia dos ejemplares del periódico "El Mundo" y tres recortes de ejemplares de dicho periódico que habían sido anteriormente presentados en la discusión de la moción de archivo; que esta solicitud de "mistrial" fue declarada sin lugar, y que luego el tribunal procedió a dar

---

(¹) La segunda moción de archivo es idéntica en su redacción a la original, con excepción de que omite dos párrafos que hacen referencia a la moción de suspensión de vista que el acusado había presentado y a un señalamiento para el día 5 de noviembre de 1958.

ciertas instrucciones al jurado en relación con la referida moción; que inmediatamente se procedió a la lectura de las acusaciones, y se suspendió el juicio para continuarlo al siguiente día; que al reanudarse la sesión el viernes 17 de abril, la defensa presentó una segunda moción de "mistrial" (²) durante la cual se presentó en evidencia un ejemplar de la edición del periódico "El Imparcial" correspondiente al día 17 y el Fiscal ofreció prueba testifical; que dicha moción fue declarada sin lugar, y al regresar el jurado a la sala de sesiones, el tribunal les dio instrucciones en relación con esta moción; que la defensa no expuso teoría de su caso, pero presentó prueba documental y oral, así como prueba de contra refutación; que durante todo el juicio el acusado tuvo los servicios de un intérprete, quien en varias ocasiones preparó traducciones de documentos ofrecidos y admitidos en evidencia; que el juicio se prolongó hasta el día 29 de abril; que el acusado estuvo asistido por sus abogados señores Ortiz del Rivero, Franco García y Abréu Castillo en el acto del pronunciamiento de sentencia; que el acusado apeló oportunamente para ante el Tribunal Supremo, y que para perfeccionar su instancia uno de sus abogados solicitó una transcripción de evidencia parcial sobre los incidentes relacionados con la constitución del jurado; que en el trámite de la apelación ante este Tribunal el acusado siempre ha estado representado por abogado, primero por el Lic. Raúl Feliciano, y luego por el Lic. José Torres Ortiz; que actualmente el recurso se encuentra pendiente de la presentación de los alegatos de las partes, y que para ello se concedió una prórroga al apelante que vence el día 29 del corriente mes.

En el acto de la vista celebrada ante este Tribunal en 3 de noviembre de 1960, el abogado del peticionario aceptó que las cuestiones planteadas en el hábeas corpus referentes

---

(²) Parece conveniente indicar que a los fines del recurso de apelación debe elevarse la transcripción relacionada con estas dos mociones de "mistrial", y especialmente, las instrucciones que transmitió el juez al jurado después de resolverlas.

a la publicidad adversa y a la constitución del jurado fueron levantadas ante y resueltas por el Tribunal Superior, y que la prueba que se ofrecería para establecer los hechos alegados en la petición sería sustancialmente la que se unió como parte del expediente de apelación. En cuanto al tercer fundamento sobre falta de adecuada asistencia legal explicó que, si bien el acusado estuvo representado por varios abogados, éstos no tomaron las debidas diligencias para evitar que la publicidad que recibió el caso perjudicara al acusado, y al no lograr una suspensión del caso. En cuanto a este último aspecto, se admitió que los defensores solicitaron oportunamente la posposición de la vista por un término de dos años, pero que luego de la celebración de una conferencia, retiraron esta solicitud y accedieron a entrar a juicio unas semanas después.

 Como regla general no se concederá un auto de hábeas corpus en sustitución de un recurso de apelación, *Irvin v. Dowd,* 359 U.S. 394 (1959) ; *United States v. Hayman,* 342 U.S. 205 (1952) ; *Sunal v. Large,* 332 U.S. 174 (1947) ; *Frisbie v. Collins,* 342 U.S. 519 (1952) ; *Adams v. United States,* 317 U.S. 269 (1942) ; *cf. Cito v. United States,* 283 F.2d 49 (1960) ; *Commonwealth v. Taylor,* 165 A.2d 390 (1960) ; *People v. Walker,* 206 N.Y.S.2d 377 (1960).[3] Idéntica regla adoptamos desde los albores de nuestra jurisprudencia, *Ex parte Mauleón,* 4 D.P.R. 123, 128 (1903) ; *Ex parte Bird,* 5 D.P.R. 247 (1904) ; *Ex parte Díaz,* 7 D.P.R. 153 (1904) ; *Ex parte Cintrón,* 5 D.P.R. 90 (1904) ; *Ex parte Rosa,* 8 D.P.R. 132 (1905), y desde entonces nos hemos adherido a ella en forma consistente, *Ex parte Dessús,* 11 D.P.R. 386 (1906) ; *Ex parte Lebrón,* 16 D.P.R. 662 (1910) ; *Pueblo v. Burgos,* 18 D.P.R. 72 (1912) ; *Ex parte Sánchez,*

---

[3] Véanse además, Sedler, *Hábeas Corpus in Pennsylvania after Conviction,* 1959, 20 U. Pitt. L. Rev. 652; *The Use of Habeas Corpus for Collateral Attacks on Criminal Judgments,* 1958, 36 Cal. L. Rev. 420; *Habeas Corpus—Exhaustion of Remedies Held to Require Timely Appeal,* 1948, 97 U. Pa. L. Rev. 285; cf. *Habeas Corpus—Use as a Remedy Where the Appeal Process Has Been Exhausted,* 1948, 46 Mich. L. Rev. 570.

18 D.P.R. 177 (1912); *Ex parte Huertas et al.*, 22 D.P.R. 524 (1915). Sin embargo, cuando median circunstancias excepcionales, se ha expedido el auto irrespectivamente de que haya una apelación pendiente. *Sunal* v. *Large*, supra; *Valentín* v. *Torres*, 80 D.P.R. 463 (1958); *Ex parte Hernández Laureano*, 54 D.P.R. 416 (1939). Cf. *Brown* v. *Allen*, 344 U.S. 443 (1953). La existencia de estas circunstancias excepcionales es cuestión a determinarse después de considerar los hechos envueltos en cada caso. *Frisbie* v. *Collins*, 342 U.S. 519 (1952). Aun cuando medien estas circunstancias excepcionales no se ejercitará la discreción si las cuestiones pueden levantarse en apelación. *Larson* v. *United States*, 275 F.2d 673 (5 Cir., 1960); *Brown* v. *Allen*, 344 U.S. 443 (1953). En *Pueblo* v. *Burgos*, 18 D.P.R. 72 (1912) resolvimos que cuando un acusado presenta la defensa de haber sido expuesto dos veces por el mismo delito y la corte oye la prueba para establecerla y la desestima, esta resolución no puede revisarse por hábeas corpus, pues en tales casos la ley concede "el recurso amplio de apelación". En el mismo sentido, véase, *Ex parte Huertas et al.*, 22 D.P.R. 524 (1915). Véase, anotación en 8 A.L.R.2d 285 y *Ex parte Nielsen*, 131 U.S. 176 (1889), cf. *Fournier* v. *González*, 269 F.2d 26 (1959).

El procedimiento normal y ordinario para revisar una sentencia condenatoria es mediante el recurso de apelación, y este curso de acción debe seguirse, a menos que medien circunstancias excepcionales. Estas circunstancias no concurren en el presente caso ya que el acusado tiene disponible y expedito el camino de la apelación y las cuestiones que plantea en su petición pueden ser todas consideradas en la apelación que se encuentra pendiente ante este Tribunal(4)

(4) En relación con el ataque colateral a una sentencia de convicción por publicidad adversa del caso, véanse, *Larson* v. *United States*, 275 F.2d 673 (5 Cir., 1960); *Wingo* v. *United States*, 244 F.2d 800 (6 Cir., 1957); *Briggs* v. *United States*, 221 F.2d 636 (6 Cir., 1955); *Krogmann* v. *United States*, 225 F.2d 220, 228 (6 Cir., 1955); *United States* v. *Rosen-*

Para comprobar esta conclusión basta examinar los autos que han sido archivados a los fines de perfeccionar el recurso de apelación interpuesto por el peticionario. Deseamos consignar claramente que la disposición que hemos hecho de la petición de hábeas corpus, en forma alguna prejuzga los méritos de las cuestiones planteadas.

La conclusión a que hemos llegado en cuanto a la improcedencia de la expedición del auto solicitado hace innecesario que consideremos la segunda cuestión a que hicimos referencia en el texto de la opinión.

*Por los motivos expuestos se restablece nuestra resolución del 15 de septiembre de 1960 declarando no haber lugar a la expedición del auto de hábeas corpus.*

*berg,* 200 F.2d 666 (2 Cir., 1952), cert. denegado en 345 U.S. 965; cf. *Fournier* v. *People of Puerto Rico,* 281 F.2d 888 (1960). Véanse además sobre la procedencia del recurso ·de hábeas corpus para impugnar una sentencia por irregularidades cometidas en la constitución de un jurado, *Ex parte Harding,* 120 U.S. 782 (1887); *Kaizo* v. *Henry,* 211 U. S. 146 (1908); *Daniels et al.* v. *Allen,* 192 F.2d 763 (4 Cir., 1951).