# 95 DTA 82

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE y AIBONITO
## PANEL I

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ISMAEL BERMUDEZ TORRES
Acusado-Peticionario

Núm. KLCE-95-00244

San Juan, Puerto Rico, a 11 de mayo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez,
y los Jueces Córdova Arone y Segarra Olivero

## TEXTO COMPLETO DE LA SENTENCIA

***PER CURIAM:*** El peticionario acude ante nos para que revisemos dos dictámenes judiciales separados pero relacionados entre sí: (1) una resolución, dictada en el caso JMI95-0148, que denegó una moción de rebaja de fianza y (2) una sentencia, dictada en el caso J MI95-0201, denegando un recurso de *Hábeas Corpus* con el propósito de obtener la reducción de la misma fianza. Por los fundamentos que más adelante se exponen, se deniega la expedición del auto de *certiorari*. En primer lugar, en cuanto a la resolución relativa a la rebaja de fianza, el peticionario no nos ha puesto en condiciones para determinar si debemos expedir el auto o no y, en segundo lugar, en cuanto a la sentencia, debemos denegar la expedición del recurso porque los fundamentos esbozados por el tribunal *a quo* son jurídicamente correctos.

El peticionario aduce que fue arrestado por dos cargos de infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401, y que se le fijó una fianza de $250,000 en cada cargo. Alega que no pudo prestar la fianza y que está detenido por esa razón. No acompañó copia de las denuncias en las cuales debe constar el monto de las fianzas fijadas y las condiciones de libertad bajo fianza, si alguna. Tampoco incluyó el auto de prisión provisional expedido por el juez instructor ni el documento que la institución penal emite como constancia del motivo de la detención o del monto de la fianza, si esa es la razón. Tampoco se nos ha presentado la resolución recurrida, que es aquélla que se supone fue dictada por el tribunal recurrido el 2 de marzo de 1995 en la cual se denegó la reducción del monto de la fianza fijada. En este sentido el recurso no cumple con los requisitos dispuestos en la Regla 19(E) del Reglamento del Tribunal de Circuito de Apelaciones (ed. de 3 de febrero de 1995).

Respecto a la sentencia dictada en el caso J MI95-0201, denegando el recurso de *Hábeas Corpus,* el peticionario no incluyó con su recurso copia de la petición de *Hábeas Corpus.* Regla 19(E) del Reglamento del Tribunal de Circuito de Apelaciones, *supra.* Además, de la sentencia apelada se desprende que la desestimación del recurso de Hábeas Corpus estuvo predicada en el Art. 489(b) del Código de Enjuiciamiento Criminal de 1935, 34 L.P.R.A. sec. 1761b, que establece que *"[e]l auto de Hábeas Corpus no podrá ser utilizado para rebajar la cuantía de una fianza sin antes haberse agotado el procedimiento establecido en la Regla 218 de Procedimiento Criminal, 34 L.P.R.A. Ap. II [, R.218]".* Sostuvo el tribunal *a quo,* siguiendo a David Rivé Rivera, que la consecuencia necesaria de este artículo es que la obligación de agotar el remedio de la Regla 218 incluye el acudir a este Tribunal mediante el recurso de *certiorari.* Rivé Rivera, *Recursos Extraordinarios,* Programa de Educación Legal Continuada de la Universidad Interamericana de Puerto Rico, San Juan, 1989, pág. 120. Estamos de acuerdo.

Desde bien temprano en el presente siglo, el Tribunal Supremo de Puerto Rico tiene resuelto que el recurso grande de la Libertad, salvo circunstancias excepcionales, no debe ser utilizado como sustituto de los recursos de alzada que puedan instarse contra los dictámenes y sentencias, bien sean de apelación o de *certiorari. Ex Parte Cintrón,* 5 D.P.R. 90 (1904); *Ex parte Bird,* 5 D.P.R. 247 (1904); *Ex parte Díaz,* 7 D.P.R. 153 (1904). Esta norma continúa vigente. *Otero Fernández v. Alguacil,* 116 D.P.R. 733 (1985). Las circunstancias excepcionales que justificarían evadir el claro mandato del agotamiento de los remedios de revisión judicial fueron esbozadas en *Otero Fernández.* Allí se señaló que *"los tribunales deberán tomar en consideración, **además de la disponibilidad o no de un remedio efectivo para revisar en alzada el error y evitar la continuación de la detención ilegal,** factores tales como si de las alegaciones en la petición, con referencia a hechos específicos, surge: (1) que ha habido una patente violación a algún derecho constitucional fundamental; (2) que no ha habido una renuncia válida a ese derecho, y (3) la necesidad de una vista evidenciaria".* (Subrayado nuestro.) *Id.,* a las págs. 740-741.

Aparte de que, como ya dijimos, no tenemos el beneficio de tener ante nosotros una copia de la petición de *Hábeas Corpus* en la que podamos identificar las alegaciones necesarias para establecer las *"circunstancias excepcionales"* que justificarían apartarnos de la norma general, la petición de *certiorari* tampoco contiene una demostración fehaciente de que tales circunstancias existen.

Con estos antecedentes, a la petición de *certiorari,* no ha lugar.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

1. Se acompañó la copia de la resolución dictada el 24 de marzo de 1995, que denegó la solicitud de reconsideración presentada el 2 de marzo anterior, pero ésta no es la resolución recurrida.