No. 5930.

| 28 | 129 |
| 46 | 627 |
| 28 | 129 |
| 119 | 465 |

STATE OF LOUISIANA VS. EDWARD WASHINGTON, ALIAS JOHNSON, ALIAS
BLUBBER.

The plea of *autrefois acquit* or *convict* must be made before verdict, and is not allowable as a ground for a new trial, or arrest of judgment. In a motion in arrest of judgment, the party is confined to matters patent on the record, and can not seek matters *aliunde* to support it.

If the plea could be a ground for new trial, as it must rest on facts to be established this court would be without jurisdiction to pass on it.

APPEAL from the Superior Criminal Court, parish of Orleans. *Steele*, J. *A. P. Field*, Attorney General, for plaintiff and appellee. *T. H. Ferguson*, for defendant and appellant.

HOWELL, J. The defendant having been found guilty on the charge of burglary in the Superior Criminal Court, moved for a new trial on the plea of *autrefois convict*, based on alleged proceedings against him in the

11

First District Court on an information for larceny committed at the same time as the burglary. On the trial of this motion the plea was, by consent, considered also as one in arrest of judgment, and it having been overruled, and the prisoner sentenced, he appealed.

The motion, in its twofold character, was properly refused. The plea of *autrefois acquit* or *convict* must be made before verdict, and is not allowable as a ground for a new trial or arrest of judgment. See 25 An. 537, and authorities there cited; Wharton's Criminal Law 5¢8; Bishop's Criminal Procedure 580. In a motion in arrest of judgment the party is confined to matters patent on the record, and can not seek matter *aliunde* to support it. 6 An. 310; 8 An. 513.

If the plea could be a ground for new trial, as it must rest on facts to be established this court would be without jurisdiction to pass on it. See 11 An. 478.

Judgment affirmed.