56:84 Fed 32

[Crim. No. 82.   Department One.— August 15, 1896.]

THE PEOPLE, Appellant, *v.* C. R. BENNETT, Respondent.

Criminal Law—Charge of Assault to Murder—Conviction of Assault with Deadly Weapon—Pleading—Acquittal of Offense Charged—Jeopardy—New Trial.—Where a defendant accused of an assault with intent to commit murder is found guilty of an assault with a deadly weapon, and a new trial was granted upon his motion, in order to avail himself of the defense of an acquittal of the assault with intent to murder, or of the plea of once in jeopardy for that offense upon the new trial, it is necessary for him to plead the same, and if he omits to do so, and is found guilty of the offense charged, he cannot urge such plea upon a second motion for a new trial.

Appeal from an order of the Superior Court of Alameda County granting a new trial.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

*W. F. Fitzgerald, Attorney General,* by *Charles H. Jackson, Deputy Attorney-General,* for Appellant.

The court erred in granting a new trial for a former acquittal, or jeopardy, which had not been specially pleaded by the defendant. (Pen. Code, sec. 1016; *People* v. *O'Leary,* 77 Cal. 33; 4 Am. & Eng. Ency. of Law, 789–93; *State* v. *Morgan,* 98 N. C. 641; *Rickles* v. *State,* 68 Ala. 538; *Vowells* v. *Commonwealth,* 83 Ky. 193; 1 Bishop's Criminal Procedure, secs. 744, 757.)

*D. M. Conner,* and *R. E. Hewitt,* for Respondent.

Defendant could not be legally tried again for the offense of which he was acquitted. (*People* v. *Gilmore,* 4 Cal. 376; 60 Am. Dec. 620; *People* v. *Gordon,* 99 Cal. 227; *Bell* v. *State,* 48 Ala. 684; 17 Am. Rep. 40; *State* v. *Belden,* 33 Wis. 121; 14 Am. Rep. 748; 2 Story on the Constitution, sec. 1787; *Shepherd* v. *People,* 25 N. Y. 406; *Bryant* v. *State,* 72 Ind. 400; *Brennan* v. *People,* 15 Ill. 511; *Campbell* v. *State,* 9 Yerg. 333; 30 Am. Dec. 417; *United States* v. *Taylor,* 11 Fed. Rep. 470; *Johnson*

v. *State*, 29 Ark. 31; 21 Am. Rep. 154; *Commonwealth* v˙ *Doyle*, 110 Mass. 103.)

GAROUTTE, J.—The defendant was charged, by information, with the crime of assault with intent to commit murder, and, on being arraigned, pleaded not guilty to the charge. He was tried and found guilty of assault with a deadly weapon. Thereupon, he gave notice of a motion for a new trial, which motion was subsequently heard and granted upon the ground that the verdict was not supported by the evidence. Thereafter, without being called upon or offering to enter any new plea to the information, he was again tried in the same court and before the same judge, and found "guilty as charged." In due time he moved for a new trial upon several grounds, and, among others, that he was acquitted by the former verdict of the charge of assault to commit murder, and had been twice placed in jeopardy for that offense. The court granted the motion upon the last-named ground, and from that order the people appeal.

Our constitution provides that "no person shall be twice put in jeopardy for the same offense" (Const., art. I, sec. 13); and the Penal Code contains the following provisions:

" SEC. 687. No. person can be subjected to a second prosecution for a public offense for which he has once been prosecuted, and convicted or acquitted."

May the defendant for the first time raise the question of once in jeopardy upon his motion for a new trial? The practice here followed is certainly a novel one, and, if justified by the law, such declaration in effect will be a nullification of all those sections of the Penal Code providing for special pleas. For, if a defendant charged with crime may be allowed to take the chances of an adverse verdict after trial upon a plea of not guilty, and, having lost, may then for the first time upon his motion for a new trial set up a previous acquittal or conviction, or once in jeopardy, every defendant will follow

that course, and a procedure which has been practiced since time immemorial, both in this country and in England, will become a thing wholly of the past. Indeed, if defendant's contention be sound, and the court's decision be allowed to stand, this defendant can never have a final judgment rendered against him, even for the minor offense included in the principal charge, for, by the order of the court, a new trial is granted, and, upon such trial, the defendant cannot be compelled to interpose his special plea of once in jeopardy. Neither has the court any power to enter such plea for him. Therefore, upon another conviction for the same offense, he would again secure a new trial upon the same grounds which were previously successful; and the practice could be continued indefinitely. To allow a defendant, as was done in this case, to sit idly by during the progress of his trial, and then upon conviction set up, upon motion in arrest of judgment, or for a new trial, a special defense that he could have raised at the very inception of the trial, would be to sanction a practice which might well be termed trifling with the court. If a defendant could raise this question after trial and conviction, he could with equal success raise it after a plea of guilty, no trial having been had. The defendant's plea of not guilty puts in issue all the allegations of the indictment or information, and nothing more. In this case the defendant would not have been allowed to prove at the trial that he had been once in jeopardy, for there was no such issue in the case, and could be none unless he saw fit to make it by plea. To say that evidence could be introduced before the court upon his motion for a new trial, that would not have been admitted if offered at the trial, would be an anomaly, and is entirely without the law.

The authorities upon the foregoing question appear to be in entire accord. In *Commonwealth* v. *Olds,* 5 Litt. 140, the court, speaking as to special pleas, said: "It is well settled that these two pleas must be pleaded in bar, and that they cannot be given in evidence under

the general issue." And in *People* v. *Olwell*, 28 Cal. 462, this court said: "At common law, upon a second indictment for the same offense, the prisoner could not avail himself of a former conviction under the plea of not guilty, but he was required to plead it specially." And again in *People* v. *Lee Yune Chong*, 94 Cal. 386, this language is found: "Counsel for appellant argue the question of 'once in jeopardy,' but that question can arise only after an issue has been made by a plea of 'once in jeopardy.'" An eminent author upon criminal law declares: "The law's methods must be pursued by him who seeks the protection of the law. Hence, as to pleas, to be entitled to show a particular matter in defense he must tender the plea which the law has provided, in the law's form and at the law's time." Again, the same author says: "The only method for taking advantage of the former conviction or acquittal we have seen in this plea. Thus there cannot be an arrest of judgment." (Bishop's New Criminal Procedure, secs. 744, 813. See, also, *Zachary* v. *State*, 7 Baxt. 1; *State* v. *Washington*, 28 La. Ann. 129; *Pitner* v. *State*, 44 Tex. 578; *State* v. *Barnes*, 32 Me. 534; *Rickles* v. *State*, 68 Ala. 538.) Section 1020 of the Penal Code in substance declares the same principle.

We see nothing violative of any constitutional provision in adhering to the foregoing views. While it is true the constitution declares that no man is to be placed twice in jeopardy for the same offense, still, as Mr. Bishop says: "The law's methods must be pursued by him who seeks the protection of the law," and this the defendant has not done. Again, the fact that the first trial was had in the same court, and before the same judge as the second trial, in no way excused the necessity of the plea of once in jeopardy. The whole question of once in jeopardy was entirely foreign to the case, unless raised by a special plea, and, when so raised, an issue of fact was presented, which the jury alone possessed the power to pass upon.

For the foregoing reasons the order granting a new trial is reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.