EX PARTE HUERTAS ET AL., PETITIONERS.

APPLICATION for a Writ of *Habeas Corpus.*

MOTION by Petitioners for Reconsideration of the Decision of this Court Denying Writ of *Habeas Corpus.*

No. 60.—Decided May 25, 1915.

FORMER JEOPARTY—RES JUDICATA—WAIVER.—The plea of former jeopardy, like the plea of *res judicata* in a civil case, is a privilege of the defendant which he must plead, in a proceeding against him, otherwise he will be considered to have waived the same.

HABEAS CORPUS — FORMER JEOPARDY — DUE PROCESS OF LAW — PRESUMPTION.— When a petition for a writ of *habeas corpus* on the ground of former jeopardy does not allege that the court which tried the case, which in the case at bar was a court of record, refused to consider the said plea, the presumption is in favor of due process of law until the contrary is shown.

ID.—WRIT OF ERROR.—APPEAL.—Where in the due course of the proceedings the court commits an error in considering a plea of former jeopardy, a writ of *habeas corpus* cannot be made to do the office of a writ of error or of an appeal.

CARRYING ARMS—ASSAULT AND BATTERY—RIOT.—The offense of · carrying arms·
    cannot be merged in the offense of assault and battery or riot.

The facts are stated in the opinion.

*Messrs. Rafael López Landrón* and *Juan Gregory* for the
petitioners.

MR. JUSTICE WOLF delivered the opinion of the court.

We declined to issue the writ of *habeas corpus* in this
case because it seemed to all the court that the lack of facts
to justify its issuance was most evident. Counsel for peti-
tioners have asked us to reconsider our action and we have
thought it expedient, in view of the insistence of counsel, to
give some of the reasons for our refusal.

Twenty-five or twenty-six persons, so the petitioners al-
leged, were convicted by the Municipal Court of Vieques of
carrying prohibited weapons and each of them was sentenced
to sixty days' imprisonment. Subsequently all of them were
tried by the District Court of Humacao and some of them
were convicted of assault and battery and others of riot, vari-
ous sentences being imposed ranging from three months to
two years.

The petitioners recite that the convictions for assault and
battery, or for riot, as the case may be, are illegal inasmuch
as all the petitioners had previously been convicted of the
same offense, namely, of carrying prohibited weapons. The
petitioners also recite that the facts constituting the alleged
offense of assault and battery or of riot took place on Feb-
ruary 16, 1915, at 3.35 p. m. We do not know from the peti-
tion whether the complaints for carrying prohibited weapons
set up that such carrying took place or not at so precise a
point of time. The real tenor of this petition is that the pris-
oners are illegally restrained of their liberty inasmuch as
they have been convicted, so it is alleged, a second time of
the same offense.

The plea of former jeopardy, like the plea of *res judicata*
in a civil case, is a privilege of a defendant which he must
raise in a proceeding directed against him or else he will

be deemed to have waived the same. Sections 162, 163, 167, Code of Criminal Procedure  *People* v. *Peña,* 18 P. R. R., 870; *People* v. *Marrero,* 18 P. R. R., 888; 12 Cyc., 363, 364; *People* v. *Bennet,* 114 Cal., 56, 45 Pac. 1013; *People* v: *Lee Yune Chung,* 94 Cal., 379, 29 Pac., 776.

The petition is silent as to whether the plea of former jeopardy was raised in the District Court of Humacao. This is one reason why it does not appear that the District Court of Humacao acted without jurisdiction.

There is no averment that the District Court of Humacao refused to consider the plea of former jeopardy raised by the petitioners, so we may presume that if such plea were presented to that court it was heard and there decided. There is every presumption in favor of due process by a court of record until the contrary is shown. Now, the Government as well as the parties had a right to be heard on the question of whether the defendants were presenting a case of former jeopardy or not. The mere averment of former jeopardy is not enough. For example, the Government had even a right to be heard on the proposition of whether the defendants had in fact been convicted of carrying prohibited weapons; whether the defendants were identified; whether the weapons were the same, or whether the place or the day were the same. All these questions and many others might be raised and heard on a plea of former jeopardy. Hence there would be of necessity a trial in such case on the issues of fact (section 177, Code of Criminal Procedure) and the action of the court might be error, but the court could not be said to lack jurisdiction.

And even if the facts were clear and there was only a question of law submitted to the court by demurrer or otherwise and the court heard the defendants and decided against them, it could not be said that the court had lacked jurisdiction to decide the question, but merely that the court had committed an error.

Numerous decisions are to be found to the effect that a writ of *habeas corpus* cannot be made to do the office of a writ of error or of an appeal.

The authorities are collected in *Ex parte Bird,* 5 P. R. R., 241; *Ex parte Thomas,* 12 P. R. R., 350, and *People* v. *Burgos,* 18 P. R. R., 72.

The crime of carrying prohibited weapons cannot be confounded or confused with either the crime of assault and battery or the crime of riot. A man might be charged with assault and battery or with riot and subsequently a weapon be found upon him which he never used in any conflict, and if the facts justified it, he might be convicted of an independent crime of carrying prohibited weapons even if convicted or acquitted of the other charge. The act of carrying prohibited weapons is one that may be of a moment or of a day or of any other period of time, but the crime is independent of any act that a man may do with the weapon that he carries. The carrying of a prohibited weapon is generally a consummated fact before any other particular crime is committed, so that it would appear—so far as the petition is concerned—that the District Court of Humacao would have jurisdiction of the offenses of which complaint is made, even if the defendants had alleged and proved the facts of the alleged former jeopardy, as laid in the present petition.

This court has had occasion to consider similar questions in the following cases: *Ex parte Torres,* 11 P. R. R., 98, a case of *habeas corpus; People* v. *Belpré,* 19 P. R. R., 485; *People* v. *Belpré,* 19 P. R. R., 487.

The motion for reconsideration must be

*Overruled.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.