[Crim. No. 3593.   First Dist., Div. Two.   Oct. 30, 1959.]

THE PEOPLE, Respondent, v. JAMES L. FORD, Appellant.

James R. Renfroe, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith, and E. E. Reynolds, Jr., Deputy Attorneys General, for Respondent.

DRAPER, J.—Defendant appeals from a conviction of unauthorized possession of a drug within a prison. (Pen. Code, § 4573.6.)

At the time of the offense charged, appellant was an inmate of San Quentin prison. Five tubes of a drug known as Wyamine were found in his bunk. There was evidence that appellant several times admitted to prison officials that the tubes were his. There was evidence of the highly limited availability of the cell and bunk to others. Two other inmates testified that they saw one Williams reach into appellant's cell and place something therein on the day in question. The jury, on full instruction as to the elements of possession, found appellant guilty. It is apparent that his claim of insufficiency of the evidence is without merit.

A more interesting question is raised by appellant's contention that he was punished, before trial, for possession of the drugs. Following discovery of the offense, appellant was brought before the Prison Disciplinary Committee on a charge of violation of prison rule D-1103, which makes violation of any penal statute a violation of prison rules. He admitted the charge and was punished by solitary confinement for 29 days.

"An act . . . which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act . . . under any other." (Pen. Code, § 654.)

· Appellant argues that the prison regulations are made under authority of the Penal Code (§§ 5054, 5058, 2079) ; that the code recognizes that discipline for violation of rules is punishment (§ 2081) ; that under rule D-1103 the act punished by the Prison Disciplinary Committee is the very act of violation of the penal statute (§ 4573.6) for which appellant is prosecuted in the case at bar. Thus, he contends, his punishment by solitary confinement prevents further punishment and bars this prosecution.

It will be noted that appellant's argument is not based upon the constitutional claim of double jeopardy. Rather, it is based wholly on section 654, which prohibits multiple punishment for a single act. Thus *People* v. *Conson*, 72 Cal.App. 509 [237 P. 799], relied upon by respondent, is not strictly applicable. There the prison directors forfeited defendant's credits toward parole because of his escape, and he claimed

that this action had placed him once in jeopardy and barred his felony prosecution for the same escape. The court quite properly pointed out that the prison directors acted in an administrative and not a judicial capacity. Thus defendant had not been once in jeopardy in the constitutional sense.

However, that decision is helpful in its emphasis upon the need for adequate means of enforcement of discipline in the prison.

It is apparent that some summary means of enforcement of reasonable rules is essential to proper operation of a prison. The discipline here enforced did not in any way extend the term appellant was serving at the time of his present offense. It brought upon him no new term of imprisonment. It merely made his service of the existing term more onerous. It was an incident of his existing sentence, and in no way a new one. We think that section 654 is designed only to prohibit dual punishment by judicial action. This view is strengthened by the second clause of the section, which makes clear that it is only "acquittal or conviction and sentence" which bars further prosecution.

To so extend the rule as to make administrative discipline a bar to criminal prosecution would lead to results clearly not contemplated by the Legislature. Section 654, despite its language, is not limited to the provisions of the Penal Code (see *People* v. *Kynette,* 15 Cal.2d 731 [104 P.2d 794], and comment thereon in *People* v. *Brown,* 49 Cal.2d 577, 591, fn. 4, [320 P.2d 5]). Acceptance of appellant's contention would raise serious questions as to the right to prosecute real estate brokers, doctors, lawyers and other licensees for penal offenses which had already been "punished" by suspension or revocation of licenses. We cannot accept a view which would lead to such results.

Judgment affirmed.

Dooling, Acting P. J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied November 27, 1959, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1959.

*Assigned by Chairman of Judicial Council.