[Crim. No. 3241.    Third Dist.    Feb. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE MASON, Defendant and Appellant.

[Crim. No. 3242.    Third Dist.    Feb. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN L. HEMPHILL, Defendant and Appellant.

Edward Paul Balocco, under appointment by the District Court of Appeal, for Defendants and Appellants.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat Agliano, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, P. J.—Defendants, while committed to Folsom State Prison, escaped from a state forestry camp. Following their apprehension they were charged with a violation of section 4531 of the Penal Code (escape). Each entered pleas of not guilty and former jeopardy. The latter plea was stricken upon motion of the district attorney and the case proceeded to trial on their pleas of not guilty. The jury found them guilty as charged and they now appeal.

They attack the action of the trial court in granting the motion of the prosecution to strike their pleas of former jeopardy on three grounds: (1) that in accordance with the provisions of section 1005 of the Code of Civil Procedure they should have received notice of said motion in order to have afforded them an opportunity to have prepared their opposition; (2) that they were entitled to a verdict by the jury on each plea entered; and (3) that a motion to strike cannot be granted where issues of fact remain for determination.

284

Under the pertinent provisions of Penal Code section 1017, every plea ". . . must be in substantially the following form:

". . . . . . . . . . . . . . .

"4. If he plead once in jeopardy: 'The defendant pleads that he has been once in jeopardy for the offense charged (specifying the time, place, and court).' "

█ The plea of once in jeopardy is a personal privilege which, unless properly invoked, will be deemed to have been waived. In other words, " '[t]he law's methods must be pursued by him who seeks the protection of the law.' " (*People* v. *Bennett,* 114 Cal. 56, 59 [45 P. 1013].)

█ Thus, it has been held that a plea is insufficient if it fails to include all of the elements set forth in said section (*People* v. *O'Leary,* 77 Cal. 30 [18 P. 856]), and being insufficient there would be no issue in that regard "upon which the court could have instructed the jury or upon which the jury could have found." (*People* v. *Moronati,* 70 Cal.App. 17, 21 [232 P. 991].)

█ In the present case the defendants' pleas of former jeopardy come squarely within the rules enunciated. The record shows at the time of the arraignment and plea that each "defendant in person pleads not guilty of the offense charged in the information; and further pleads that he has been once in jeopardy for the offense charged, by reason of action taken by the California Adult Authority at Folsom State Prison, Represa, California, on August 22, 1960 [and October 18, 1960]; and was thereafter punished by 29 days isolation and 60 days lost privileges."

It is apparent from the pleas, as entered by the defendants, that their purported jeopardy arose solely by action taken by the Adult Authority. In *People* v. *Garmon,* 177 Cal.App.2d 301 [2 Cal.Rptr. 60], this court was confronted with a like contention. We held that where the defendants throughout the entire time in question were inmates of a state prison and subject to prison discipline they were not being punished for a public offense, but for an infraction of a prison rule. In *People* v. *Conson,* 72 Cal.App. 509 [237 P. 799], an identical situation was presented and the court specifically held that a ". . . hearing before the prison board was a mere inquiry by that body under the provisions of the Penal Code for flagrant disregard of the prison rules" and concluded that the board has no jurisdiction to try anyone for a felony, and under the circumstances presented it was manifest it made no attempt to do so. (P. 512.)

■ Such a plea, being affirmative in character, casts the burden of proof on the defendant, and hence ordinarily presents a question of fact which the jury alone has power to pass upon. But where a defendant fails to support his plea with proof, the question becomes one of law for the court. (*People* v. *Vigghiany*, 181 Cal.App.2d 621 [5 Cal.Rptr. 501]; *People* v. *Blau*, 140 Cal.App.2d 193 [294 P.2d 1047].)

The record herein shows that at the time the prosecution moved to strike defendants' pleas of former jeopardy, the motion and defendants' opposition thereto were discussed in detail between court and counsel. At no time during the course of such discussion did either of defendants' counsel offer or suggest that they had any evidence to support their pleas.

■ "It is just as necessary to support special pleas by proof [citing cases] as it is to interpose the pleas, and the failure to do either is to be deemed a waiver of the defense. . . ." (*People* v. *Newell*, 192 Cal. 659, 667 [221 P. 622].) ■ Or, as the court held in *People* v. *Vigghiany*, *supra*, 181 Cal.App.2d at page 631: "Where the facts are uncontradicted and different inferences cannot be drawn, the decision on a plea of once in jeopardy . . . is one of law for the court to decide, not the jury."

■ Furthermore, since under proper circumstances a court may refuse to enter such a plea (*People* v. *Hinshaw*, 194 Cal. 1 [227 P. 156]; *People* v. *Lyon*, 135 Cal.App.2d 558 [288 P.2d 57]) then it would appear that there could be no question as to the propriety of the court in striking defendants' pleas of former jeopardy on motion of the prosecution. That is, whether the plea was insufficient in that it failed to include all of the elements set forth in the applicable code section, or whether it was insufficient in that no evidence was offered to support it, under the circumstances disclosed the question was nevertheless one of law for the court, not the jury, to decide.

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.