DRAPER, P. J.
 

 A jury found defendant guilty of possession of a knife while confined in a prison (Pen. Code, § 4502). He was sentenced to a term concurrent with that he was already serving. He appeals.
 

 Two prison-made knives were found wrapped in a rolled blanket at the foot of defendant’s bed. Brought before the prison disciplinary committee, he admitted an infraction of prison rule D-1205, possession of a weapon in the prison, and was confined in an isolation unit for 29 days. The present prosecution followed. At trial, he contended that the knives were placed in his bedroll by another, but the jury, on evidence concededly sufficient, found against him.
 

 Defendant urges that the “punishment” of solitary confinement placed him once in jeopardy, and that this prosecution is therefore within the proscription of double jeopardy. Under the California jeopardy rule (Cal. Const., art. I, § 13; Pen. Code, § 1023), prison disciplinary measures do not bar subsequent prosecution in a criminal action for violation of a penal statute prohibiting the same act which was the basis of the prison discipline
 
 (People
 
 v.
 
 Elliott,
 
 221 Cal.App.2d 575 [34 Cal.Rptr. 560] ;
 
 People
 
 v.
 
 Mason,
 
 200 Cal.App.2d 282, 284 [19 Cal.Rptr. 240];
 
 People
 
 v.
 
 Garmon,
 
 177 Cal.App.2d 301, 303-304 [2 Cal.Rptr. 60] ;
 
 People
 
 v.
 
 Conson,
 
 72 Cal.App. 509 [237 P. 799]). Nor is such action barred by the statute (Pen. Code, § 654) proscribing double punishment
 
 (People
 
 v.
 
 Ford,
 
 175 Cal.App.2d 37 [345 P.2d 354]).
 

 But, says defendant, the Fifth Amendment to the Constitution of the United States is, by the Fourteenth Amend: ment, made applicable to the states, and thus the federal court interpretations of the double jeopardy clause of the Fifth govern this case. Those interpretations, he says, require a holding that the present prosecution is barred. The premise that the Fourteenth Amendment makes the Fifth wholly applicable to the states has not been adopted by the United States Supreme Court (see
 
 Palito
 
 v.
 
 Connecticut,
 
 302 U. S. 319 [82 L.Ed. 288, 58 S.Ct. 149]). There are, however, indications in later decisions of that court of a trend to such
 
 *335
 
 a rule (see cases reviewed in
 
 United States
 
 v.
 
 Wilkins,
 
 348 F.2d 844). We shall assume, for purposes of this opinion, that the double jeopardy proscription of the Fifth Amendment is fully applicable to the states. But, even upon this assumption, defendant’s argument must fail. The federal eases do not support the view that administrative measures bar prosecution under a penal statute.
 

 Defendant argues that the federal rule is not limited to successive impositions of punishment by sentence of a court in judicial proceedings. But each of the authorities he cites
 
 (Ex parte Lange,
 
 85 U. S. 163 [21 L.Ed. 872];
 
 Oksanen
 
 v.
 
 United States,
 
 362 F.2d 74) involves only a second sentence imposed by a court in a judicial proceeding, after the sentence first imposed had been fully executed. The opinions do refer to the rule that “no man shall be twice punished for the same offense,” but obviously do not, in light of the facts before those courts, treat disciplinary action by an administrative body as equivalent to imposition of sentence by a court.
 

 We find no federal case on the precise issue before us. Analogous, however, is an income tax ease
 
 (Helvering
 
 v.
 
 Mitchell,
 
 303 U. S. 391 [82 L.Ed. 917, 58 S.Ct. 630]). There the taxpayer had been tried and acquitted upon an indictment charging that he “unlawfully, wilfully, . . . and fraudulently did attempt to defeat and evade” an income tax. The commissioner of internal revenue then levied an additional assessment of 50 percent of the deficiency in tax paid, under a statute authorizing such assessment “if any part of the deficiency is due to fraud with intent to evade tax.” The taxpayer, Mitchell, contended that the assessment was not a tax, but a criminal penalty, and thus barred by the rule against double jeopardy. The court rejected this contention. It pointed out that the double jeopardy rule “prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense,” (p. 399 [82 L.Ed. at p. 921]) and would apply only if the assessment proceeding were “essentially criminal” (p. 398 [82 L.Ed. at p. 921]). It pointed out that “remedial sanctions” may be of varying types and that one characteristically “free of the punitive criminal element is revocation of a privilege voluntarily granted.” The facts before us present a stronger case for denying the claim of double jeopardy.
 

 Some summary means of implementing reasonable rules obviously is essential to the operation of a prison. Rules
 
 *336
 
 without sanctions of some sort would be useless even in a kindergarten or first grade class. Patently, the need is greater in a prison, whose inmates are there because they have demonstrated an inability to conform to standards deemed necessary to preserve life and order in a free community. Moreover, prompt imposition of these sanctions, quickly apparent to others of the prison population, is a necessity. If one inmate is caught openly flouting an established rule, yet retains all the privileges he had when he obeyed all rules, mass disobedience is likely to follow. Prompt imposition of sanctions in such a ease may well be more important for its effect upon the other inmates than for that upon the offender. This is particularly true of possession of weapons, a rule infraction which threatens the safety and lives of guards, civilian employees, and inmates.
 

 The confinement of this defendant in an isolation unit deprived him of his separate quarters, association with others, and access to the yard and recreation areas. But these were privileges voluntarily granted to him during good behavior. They were not rights inherent in his status as a prisoner. Imposition of this sanction in no way extended the term defendant was already serving. It brought upon him no new term of imprisonment. It merely made his existing term more onerous
 
 (People
 
 v.
 
 Ford, supra,
 
 175 Cal.App.2d 37). Concededly, no cruel or unusual punishment is involved. Rather, the privileges taken from him were those which were likely to permit him again to make or procure a weapon. The rule sought by defendant would require prison authorities to leave him, pending trial for the Penal Code violation, with the same facilities which enabled him to acquire the contraband weapons the first time. We conclude that this disciplinary measure imposed by an administrative body did not place defendant in jeopardy, so as to bar his prosecution in a judicial proceeding for violation of a penal statute.
 

 Moreover, assertion of the claim of double jeopardy is barred by defendant’s failure to assert it in the trial court. Both California
 
 (People
 
 v.
 
 Bennett,
 
 114 Cal. 56, 59 [45 P. 1013];
 
 People
 
 v.
 
 Mason, supra,
 
 200 Cal.App.2d 282, 284 [19 Cal.Rptr. 240]; see
 
 People
 
 v.
 
 Barry,
 
 153 Cal.App.2d 193, 200 [314 P.2d 531]) and the federal courts
 
 (Haddad
 
 v.
 
 United States,
 
 349 F.2d 511, 513-514, cert. den. 382 U. S. 896 [15 L.Ed.2d 153, 86 S.Ct. 193];
 
 Ferina
 
 v.
 
 United States,
 
 340 F.2d 837, 838-839, cert. den. 381 U. S. 902 [14 L.Ed.2d 284, 85 S.Ct. 1446]) follow this rule. Here the issue of double jeopardy is raised for the first time on appeal.
 

 
 *337
 
 Defendant asserts error in the admission of evidence of his responses to interrogation by law officers. He concedes that he was advised of certain rights, hnt contends that the admonition fell short of that required by the cases
 
 (Escobedo
 
 v.
 
 Illinois,
 
 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758];
 
 People
 
 v.
 
 Dorado,
 
 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]) which governed at his trial in January 1966. But he made no objection to the testimony concerning these statements. Thus, he waived the issue and cannot now raise it on appeal
 
 (People
 
 v.
 
 Larke,
 
 246 Cal.App.2d 571, 575 [54 Cal.Rptr. 834], hearing den. by Supreme Court). We need not consider the claimed deficiencies in the admonitions.
 

 Judgment affirmed.
 

 Salsman, J., and Bray, J.,
 
 *
 
 concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied December 20, 1967.
 

 *
 

 Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.