[Crim. No. 11919. In Bank. Oct. 3, 1968.]

In re CLYDE R. GULLATT on Habeas Corpus.

396

[REDACTED]

Clyde R. Gullatt, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and John T. Murphy, Deputy Attorney General, for Respondent.

BURKE, J.—Clyde R. Gullatt, a San Quentin inmate, filed the instant habeas corpus petition, contending, among other things, that he was improperly denied credit on his California terms for the time he served in federal prison.

On February 21, 1957, Gullatt began serving concurrent California prison sentences for possession of marijuana (maximum term 10 years; former § 11712 of Health & Saf. Code, as amended Stats. 1953, ch. 1770, p. 3526, § 6), possession of marijuana with a prior conviction of that offense (maximum term 20 years; former § 11712 of Health & Saf. Code, as amended Stats. 1953, ch. 1770, p. 3526, § 6), and two counts of sale of marijuana (maximum term life; former § 11713 of Health & Saf. Code, as amended Stats. 1st Ex. Sess. 1954, ch. 12, p. 259, § 1). In 1960 the Adult Authority fixed his term on each count at 10 years and released him on parole.

On February 3, 1961, the Adult Authority suspended his parole, refixed his terms at the maximum, and ordered his return to prison. The month before he had pleaded guilty in a federal court to armed bank robbery (perpetrated while on parole), and thereafter, on February 15, 1961, the federal court committed him to the custody of the Attorney General.

The judgment contains no recommendation or direction concerning the sentence running consecutively or concurrently with the prior state sentences. Gullatt was in a county jail in California from February 3, until February 21, 1961, and on the latter date was received at the federal prison at McNeil Island, Washington, under the federal sentence. In August 1961 his California parole was cancelled, and a state detainer was lodged with the federal prison.

On September 2, 1966, the federal authorities returned him to the California authorities, and he was held in county jails in this state from September 2 until his return to state prison on September 26, 1966. During this period, the federal court, on the basis of a petition which reflected a technical error in sentencing, vacated his guilty plea and set aside the sentence; he again pleaded guilty and the federal court, as a result of his good record at McNeil Island, granted him probation. In November 1966 he pleaded guilty to state parole violation charges and his parole was revoked.

 With respect to the period from his parole suspension on February 3, 1961, until his return to state prison on September 26, 1966, the Department of Corrections gave him credit on his California terms for the 42 days he was in county jails (i.e., 18 days from his parole suspension until his transfer to McNeil Island and 24 days following his return to jail from McNeil Island and before his transfer to prison). He was not given credit on his California terms for the 5 years, 6 months and 11 days he spent in federal prison.

The Department of Corrections acted properly in not giving him credit for that time. The fact that a federal judgment does not specify that the sentence is to run consecutively with a prior state sentence does not raise a presumption that the federal sentence is to run concurrently with the state sentence. (*Larios* v. *Madigan.* 299 F.2d 98. 100; *United States* v. *Harrison,* 156 F.Supp. 756, 760; *United States* v. *Frazier,* 150 F.Supp. 724; see 41 F.R.D. 467, 505.) Even where the federal court expressly recommends that the federal sentence run concurrently with a prior state sentence, the recommendation is viewed as surplusage under federal law, and the federal sentence is consecutive with the state sentence if the United States Attorney General does not designate the state prison as the place where the federal sentence is to be served. (See *In re Yutze, ante,* p. 389 [71 Cal.Rptr. 673, 445 P.2d 289], and authorities cited therein.) Thus Gullatt, like Yutze, was not serving a concurrent sentence during the

period he was confined in federal prison, and for the reasons set forth in *In re Yutze, ante,* p. 389 [71 Cal.Rptr. 673, 445 P.2d 289], Gullatt is not entitled to credit on his California terms for that period.

■■ Gullatt next asserts that the Adult Authority's utilization of the bank robbery as a ground for revoking his parole and refixing his terms subjected him to double jeopardy and multiple punishment in that he had previously been placed in jeopardy for the crime in the federal court and punished therefor by incarceration in federal prison. The return shows that Gullatt pleaded guilty to charges that he violated his parole by committing the bank robbery and associating with a named parolee before and during the commission of the robbery.[1]

The Adult Authority action was administrative in character and did not place Gullatt in jeopardy within the meaning of our state jeopardy rule. (Cf. *People* v. *Eggleston,* 255 Cal. App.2d 337, 338 [63 Cal.Rptr. 104]; *People* v. *Elliott,* 221 Cal.App.2d 575, 577-578 [34 Cal.Rptr. 560]; *People* v. *Mason,* 200 Cal.App.2d 282, 284 [19 Cal.Rptr. 240]; *People* v. *Conson,* 72 Cal.App. 509, 511-512 [237 P. 799].) Nor did such action violate the federal Fifth Amendment prohibition against double jeopardy, assuming it to be applicable to the states through the Fourteenth Amendment. (*United States* v. *Buono,* 260 F.Supp. 313, 314; *United States* v. *Pennsylvania. Board of Parole,* 234 F.Supp. 368, 370; *Woods* v. *Steiner,* 207 F.Supp. 945, 952.) Likewise there was no violation of the prohibition in Penal Code section 654 against multiple punishment, since that section is designed to prohibit dual punishment by judicial action. (*People* v. *Ford,* 175 Cal.App. 2d 37, 39 [345 P.2d 354]; see *People* v. *Eggleston, supra.*) To extend the prohibition in section 654 to make a criminal sentence or administrative action a bar to the other clearly would lead to results not contemplated by the Legislature.

There is no merit to Gullatt's remaining contention that the Adult Authority, once having fixed his terms had no power to refix them. (Pen. Code, § 3020.)

The order to show cause is discharged and the habeas corpus petition is denied.

---

[1]According to Adult Authority reports, Gullatt also admitted participating in a robbery at a transit office several days after the bank robbery, and investigation revealed he was a member of "the notorious Shot-Gun Bandit Gang." It is unclear and immaterial whether these matters were included among the charges to which he pleaded guilty and which resulted in the revocation of his parole.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

Petitioner's application for a rehearing was denied November 13, 1968.