[No. D024389. Fourth Dist., Div. One. Nov. 21, 1996.]

In re MARCO A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MARCO A., Defendant and Appellant.

COUNSEL

Michon M. Hinz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley, Holly D. Wilkens and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BENKE, Acting P. J.—Appellant Marco A. appeals from a juvenile court order, following a true finding on a Welfare and Institutions Code[1] section 777 supplemental petition, declaring him a continuing delinquent and placing him in the California Youth Authority (CYA). Marco claims a host of substantive and procedural errors involving that finding and asks we reverse and dismiss. The Attorney General essentially agrees error occurred but argues remand and not dismissal is the proper disposition. We conclude

_____

[1]All further statutory references are to the Welfare and Institutions Code.

insufficient evidence exists to support the true finding on the section 777 allegation and hold, based on double jeopardy concepts, that the allegation may not serve as the basis of a renewed section 777 proceeding.

### BACKGROUND

On February 21, 1995, the prosecutor filed a unitary section 602/777 petition, charging Marco with assault with a deadly weapon and felonious battery. At the time of the alleged offenses Marco was absent without leave (AWOL) from a prior placement but this fact was not alleged in the petition.

During direct examination of the arresting officer, the prosecutor asked if Marco made any admissions concerning his AWOL status. The officer stated he did. Defense counsel objected on the basis such status was irrelevant. Before the court could rule, the prosecutor withdrew the question. During the officer's testimony a tape recording was played of his interrogation of appellant. At the end of the interview appellant was asked how long he had the knife used in the stabbing. He stated "Ever since I AWOL'ed, and that was December 24th."[2]

At the end of the jurisdictional hearing, the court found Marco had acted in self-defense and found the allegations in the petition not true.

The prosecutor then noted that at the time of the incident underlying the petition, Marco was AWOL from a prior placement and asked the court to

[2]Neither party requested transmission to this court of the exhibit containing appellant's admission. We requested the superior court transmit the exhibit to us but were informed it was not in its possession. Our review of the reporter's transcript indicated the trial court had returned the exhibits to the parties. Perhaps precipitously, we sought the exhibit from the People, who had offered it below. They supplied us with a transcript of the interview, bearing a tag indicating it was the subject exhibit. Appellant, with some justification, took umbrage with the manner in which we came into possession of the document. In response we supplied both parties with copies of the document and asked them to either stipulate it was the exhibit submitted below or suggest an expeditious manner for correcting the record to include the omitted exhibit.

The People, who supplied the document, are prepared to stipulate but suggest if any question exists concerning its authenticity, the trial court be ordered to settle the matter. Appellant's counsel declines to stipulate since trial counsel is not immediately available to review the document. He does, however, indicate the document supplied appears to be an accurate copy of a transcript appearing in trial counsel's file.

We could, pursuant to California Rules of Court, rule 12(c), order the superior court to resolve the matter. Since, however, the People do not question that the document they submitted is the subject exhibit, the transcript of the interview, since the disposition is favorable to appellant, since it is useful but not indispensable in understanding the events below and since an expeditious resolution of this matter is of importance, we will not order the superior court to correct the record and will accept the People's representation that the document they submitted to this court is the subject exhibit.

affirm all existing orders. The court responded that Marco had admitted his AWOL status and it would find true count three of the petition so alleging.

The prosecutor pointed out there was no count three and no section 777 allegation was made based on Marco's absence from the prior placement. The prosecutor stated they could either amend the petition by interlineation and "do it at this time," or they could file a new section 777 petition, detain Marco and proceed to hearing. The prosecutor noted in any case Marco would be detained.

The court asked defense counsel if she "wanted to do that." Defense counsel had no objection. The court's question and counsel's answer are ambiguous. It is unclear to what counsel was agreeing.[3] The court stated the petition was amended to add a third count, alleging a violation of probation. At the bottom of the petition, someone wrote "CT. III WI777." The court then found the allegation true beyond a reasonable doubt.

The prosecutor asked if the basis for that finding was Marco's AWOL status. The court replied it was, and the evidentiary basis for the finding was Marco's testimony he was AWOL. The prosecutor noted Marco did not testify. The court stated someone had and believed it was Marco. The prosecutor stated Marco admitted being AWOL in an interview with the police. Defense counsel added the interview was in evidence. The court set the matter for a dispositional hearing.

At the dispositional hearing, the defense argued Marco had serious psychological problems. The defense noted Marco had been committed to the Sunrise Youth Center and placed on antipsychotic medication. In October 1995 when the medication was withdrawn, Marco, who was doing well at the center, became concerned, stating he needed the medicine to control his auditory hallucinations. The staff was so informed but the medication was not continued. Marco was granted a pass for the Christmas holiday, never returned to the center and was declared AWOL. The defense argued that if properly medicated, Marco performed well and asked he be placed in a stable environment on proper medication and not at CYA.

The court committed Marco to the CYA.

DISCUSSION

 Appellant contends the interlineation of the petition to add a section 777 allegation concerning his AWOL status not only failed to comply with

---

[3]We note counsel offered no objection either when the court proceeded to interlineate by the addition of a third count, alleging Marco's AWOL status, or when the court made a true finding on that allegation.

statutory requirements but denied him due process. He argues the sudden and irregular amendment of the petition denied him adequate notice and a reasonable opportunity to defend. In addition, appellant argues there was insufficient evidence to support the true finding on the allegation. Although unable to bring itself to do so directly, respondent effectively agrees. The parties then are left to contest the issue of remedy.

Appellant contends the evidence supporting the allegation he was AWOL from a prior placement was insufficient and argues the guarantee against double jeopardy precludes a rehearing. The People make no claim the evidence was sufficient but argue appellant was never in jeopardy and that they may proceed to a new section 777 hearing on the allegation. Given the parties' positions, the crucial question is whether the evidence supporting the allegation was sufficient and if not, whether a new proceeding on that allegation may be undertaken.

### A. *Sufficiency of the Evidence*

A complication of the informality with which the section 777 allegation was dealt is that it is unclear exactly what was being alleged. It appears the People were proceeding under section 777, subdivision (a)(2). That subdivision, however, covers an allegation of both a violation of probation amounting to a crime and one not amounting to a crime. Section 871, subdivision (a), makes escape by one committed to certain county juvenile facilities a misdemeanor, and subdivision (c) makes the willful failure to return to such a facility from a furlough or temporary release a crime. Thus, it is possible the People were alleging a violation of probation amounting to a crime or, if they believed some element of the underlying crime lacking, merely a violation of the condition of probation that appellant remain at the facility in which he was placed.

We conclude the evidence was insufficient to support either form of the section 777, subdivision (a)(2), allegation. While in his interview with the police appellant may have admitted he was AWOL, there was no evidence present at the hearing concerning where he was absent from or under what authority he had been committed. These facts undoubtedly were readily available in appellant's own file. No one, however, offered the file and no request was made the court take judicial notice of it. (See *In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1084 [12 Cal.Rptr.2d 875].) The evidence was insufficient to show appellant was in violation of probation.

### B. *Double Jeopardy*

Having decided there was insufficient evidence to support a finding that appellant was AWOL from his placement, the question remains whether the

constitutional restrictions against being placed twice in jeopardy preclude use of that alleged absence as the basis for further section 777 proceedings. We conclude that they do.

■ Both the United States and California Constitutions prohibit placing a defendant twice in jeopardy for the same offense. (U.S. Const., 5th Amend.; Cal. Const., art. I, § 15.) A finding on appeal of a failure to prove a charged offense precludes retrial of that offense. (*Burks* v. *United States* (1978) 437 U.S. 1, 11 [57 L.Ed.2d 1, 9-10, 98 S.Ct. 2141]; *People* v. *Costa* (1991) 1 Cal.App.4th 1201, 1208 [2 Cal.Rptr.2d 720].)

The double jeopardy ban applies to juvenile delinquency proceedings. (*Richard M.* v. *Superior Court* (1971) 4 Cal.3d 370, 375 [93 Cal.Rptr. 752, 482 P.2d 664]; *In re Johnny R.* (1995) 33 Cal.App.4th 1579, 1581 [40 Cal.Rptr.2d 43].) ■ We conclude such proceedings include those involving supplemental petitions filed under section 777 whether or not the alleged violation of probation amounts to criminal conduct. We explain. ■ In the criminal context, a parole or probation revocation proceeding does not implicate the double jeopardy ban because a probation revocation hearing is not a criminal trial on a new charge and does not authorize criminal punishment. (*Lucido* v. *Superior Court* (1990) 51 Cal.3d 335, 343, fn. 5 [272 Cal.Rptr. 767, 795 P.2d 1223, 2 A.L.R.5th 995]; *In re Coughlin* (1976) 16 Cal.3d 52, 60-61 [127 Cal.Rptr. 337, 545 P.2d 249].)

A section 777 proceeding, however, while having a superficial similarity to criminal probation revocation, is fundamentally different. The court in *In re Arthur N.* (1976) 16 Cal.3d 226, 236 [127 Cal.Rptr. 641, 545 P.2d 1345], noted that neither the "purpose" nor the "consequences" of the proceedings were the same. The court stated: "The sole point of similarity is that each proceeding is triggered by a petition alleging acts of misconduct by a person already subject to the jurisdiction of the court." (*Ibid.*) The court explained the most serious consequence that could befall a criminal probationer if probation is revoked is the imposition or execution of the judgment for the offense of which he was originally convicted. The court noted on the other hand a section 777 proceeding may result in a degree of custody and incarceration much greater than could have been imposed following the original section 602 dispositional hearing, including commitment to the CYA. (16 Cal.3d at pp. 235-240.)

The court reasoned the reality of the section 777 supplemental petition process was that the hearing is adjudicatory and carries the potential for severe consequences. The court concluded a section 777 hearing could not be equated to an adult probation revocation proceeding or to a section 602

dispositional hearing. Based on that conclusion, the court held the standard of proof in a section 777 proceeding is the beyond a reasonable doubt test and that a juvenile in a section 777 proceeding is entitled to the same constitutional and statutory rights afforded with regard to the original section 602 proceeding. (*In re Arthur N.*, *supra*, 16 Cal.3d at p. 240; see also *In re Manuel L.* (1994) 7 Cal.4th 229, 239 [27 Cal.Rptr.2d 2, 865 P.2d 718].)

 Given the above described nature of a section 777 proceeding, we conclude double jeopardy concepts apply to it and that if on appeal it is determined the evidence was insufficient to support a true finding on an allegation, whether amounting to a crime or not, that allegation may not be retried.

The People argue even if double jeopardy concepts apply to section 777 proceedings they should not foreclose a retrial here since appellant was never placed in jeopardy at the first hearing. They note that in a court trial, jeopardy attaches when trial is "entered upon," that is, when the first witness is sworn. (*In re Richard M.*, *supra*, 4 Cal.3d at pp. 375-376; *In re Johnny R.*, *supra*, 33 Cal.4th at pp. 1581-1582.)

The People first contend the section 777 proceeding did not begin in this case until after the section 602 proceeding had ended. Thus, as to the section 777 proceeding, no witness or evidence was present at all and, therefore, jeopardy did not attach. We reject the argument. The utter irregularity of the section 777 proceeding in this case makes its characterization problematic. However, we conclude it was the intention of both the district attorney and the trial judge that the evidence presented at the section 602 hearing be accepted as the evidence supporting the section 777 amendment to the petition. When the court did so, appellant was placed in jeopardy.

Respondent also appears to argue the court, given the irregularities involved, was without jurisdiction to proceed. Respondent invokes the rule that where a court is without jurisdiction, jeopardy does not attach. (See *People* v. *Superior Court (Marks)* (1991) 1 Cal.4th 56, 63-64 [2 Cal.Rptr.2d 389, 820 P.2d 613]; *In re Shanea J.* (1984) 150 Cal.App.3d 831, 844, fn. 12 [198 Cal.Rptr. 228].) This rule, however, applies only when the lack of jurisdiction is fundamental, that is, when there is an entire absence of power to hear or determine the case or there is an entire absence of authority over the subject matter. (*People* v. *Superior Court (Marks)*, *supra*, 1 Cal.4th at pp. 63-71.) Neither is the case here. At worst, the court acted in excess of, not without, jurisdiction.

The order committing appellant to the CYA is reversed and any allegation he was absent without leave from a prior placement may not serve as the basis for a renewed section 777 proceeding.

Huffman, J., and McIntyre, J., concurred.

A petition for a rehearing was denied December 11, 1996.